· SILLIMAN *v.* INTERNATIONAL LIFE INS. CO.

(*Nashville.* December Term, 1915.)

1. INSURANCE. Life policies. Statutes. Construction. Not in good faith.         ,

In acts 1901, Chapter 141, section 1, as to penalties for refusing to pay a policy, the words "not, in good faith," are antithetical to "in good faith," and imply a lack of good or moral intent as the motive for refusal to pay the loss. (*Post. pp.* 647, 648.)

Acts cited and construed: Acts 1901, ch. 141, sec. 1.

2. INSURANCE. Life policies. Refusal to pay loss. Right to statutory penalty.

Under such statute, the right to recover the penalty is conditooinal, and does not exist where the right to recover the face of the policy has been forfeited by failure to pay premiums, or where the refusal is in good faith. (*Post, pp.* 648-650.)

Cases cited and approved: Thompson v. Insurance Co., 116 Tenn., 557; De Rossett Hat Co. v. London & Lancashire Ins. Co., 134 Tenn., 199.

Cases cited and distinguished: Grain Co. v. Weaver, 128 Tenn., 609; Harowitz v. Fire Ins. Co., 129 Tenn., 691; Ins. Co. v. Kirkpatrick, 129 Tenn., 55.

3. INSURANCE. Life policies. Refusal to pay loss. Right to statutory penalty. Evidence.

·Evidence *held* insufficient to show that insurer's refusal to pay loss on life policy was not in good faith. (*Post, pp.* 650-652.)

Case cited and approved: Silliman v. Ins. Co., 131 Tenn., 303.

4. COMPROMISE AND SETTLEMENT. Validity.

The law encourages honest efforts to compromise differences. (*Post, pp.* 650-652.)

Silliman v. Life Ins. Co.

5. INSURANCE. Life policies. Refusal to pay loss. Right to statutory penalty. Evidence.

In view of differences of opinion as to statutory construction and determinative facts, an insurer is not necessarily liable For refusal to pay a loss as made in bad faith, on the ground that its attorneys should have known the law fixing liability on the policy (*Post, pp.* 650-652.)

FROM GILES

Appeal from the Chancery Court of Giles County. —WALTER S. BEARDEN, Chancellor.

E. E. ESLICK, for appellant.

CHILDERS & WOODWARD, for appellee.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

The case turns on the construction of the words "not in good faith" as used in the first section of chapter 141, Acts of 1901, page 248. The Insurance Company has appealed from a decree awarding against it a recovery for a certain sum as a penalty denounced by the act, and insists that under the evidence, which is free from material dispute, and under a correct construction of the Act, and particularly the words above quoted, that the decree is erroneous.

We think the point is well made. The words "not in good faith" are antithetical in meaning to the words "in good faith." The words "not in good faith" imply a

lack of good or moral intent as the motive for the refusal to pay a loss. They describe the state of mind which underlies and causes the act of refusal to pay. It is the existence of this state of mind as the cause of the act, and the resulting damage to the victim of the act, which the statute penalizes, just as our laws, intended to punish and suppress crime, look, not to the act which damages society and perhaps destroys its victim, but to the intent or motive which caused the act and the resulting public and private damage.

It was not the purpose or intent of the legislation embodied in section 1 of the Act that refusal to pay a demand, made by a policy holder after occurrence of a loss and within sixty days after making the demand, should, at all events and without more, confer on the policy holder a right to the penalty. Such is by no means a true construction of the words employed. The right to recover is not an absolute one. It is conditional. There can be no recovery of the penalty where the right to recover the face of the policy has been forfeited by nonpayment of the premiums at their due date. *Thompson* v. *Insurance Co.*, 116 Tenn. (8 Cates), 557, 92 S. W. 1098, 6 L. R. A. (N. S.), 1039, 115 Am. St. Rep. 823.

In another of our cases the conditional character of the right to recover the penalty is pointed out, and it is said:

"The statute does not penalize insurance companies for defending suits brought against them, even though they should ultimately lose. They may defend in good

faith, and we cannot say that the surety company did not act in good faith in interposing its defense in the case before us. Without doubt there was enough in the case to justify a contest, seeing the difficulty attendant upon the construction of the contract as a whole, including the rider, and also the deduction that must be made from the amount sued for, in view of the fact that the warehouse receipts were not wholly unsupported by grain in store." *Grain Co.* v. *Weaver*, 128 Tenn. (1 Thomp.), 609, 163 S. W., 814.

Constructing the statute in another case, we said:

"It authorizes the penalty referred to, provided that it shall be made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and provided, further, that the imposition of the liability shall be within the discretion of the court or jury trying the case, and be measured by the additional expense, loss, and injury thus entailed. We think the chancellor was well within his judicial discretion in refusing a decree for the penalty in this cause upon the ground that the evidence on behalf of the insured clearly discloses that when the firemen entered the building after the discovery of the fire, and extinguished the fire, they and other persons who visited the building later discovered evidence that, in some way not explained on the record, bolts of goods in the tailor shop, inclosed in glass cases, were dampened and smelled strongly of gasoline or coal oil, clearly justifying a suspicion that the fire was of dishonest origin. While this is true, the evidence would not sustain a defense based on that

ground, and no such defense was made, yet we think there was sufficient ground for the denial of the penalty." *Harowitz* v. *Fire Ins. Co.,* 129 Tenn. (2 Thomp.), 691, 168 S. W., 163.

"What has been said suffices to show some of the conditions or limitations which have been held to exist under the wording of the statute in cases where the demand for payment was made at the proper time and payment was refused, although the right to recover the face of the policy existed, and was mature when the demand was made.

But under our cases another condition is imposed, and it is this:

"A formal demand must be made on the insurer for the payment of the amount due after the maturity of the policy is fixed according to its terms. . . . The formal demand not having been made, as required by the statute, there can be no recovery of the penalty." *Insurance Co.* v. *Kirkpatrick,* 129 Tenn. (2 Thomp.), 55, 16 S. W., 1186.

See, also, *De Rossett Hat Co.* v. *London & Lancashire Ins. Co.,* 134 Tenn. (7 Thomp.), 199, 183 S. W., 720.

The penalty sued on and for which decree went in the court below in these consolidated causes is based on a demand, the sufficiency of which is not questioned by the assignments of error. Demand was made for the face value of two policies issued by the company insuring the life of W. B. Silliman, and naming his wife, Mattie I. Silliman, as beneficiary. The company refused to pay, but insists that it did so in good faith.

and that in response to the demand, it made a timely
tender to the beneficiary of all that was due her under
the policies, to wit, the sum of ninety dollars and forty
cents under each of them.  The ground of the denial of
liability by the company was that W. B. Silliman com-
mitted suicide, and that, therefore, under the terms of
each policy, the amount tendered was all that was due.
Mrs. Silliman declined to accept the tender and brought
suit on these policies.  The company demurred to each
bill.  The chancellor overruled the demurrer and al-
lowed an appeal.  One of the cases came to this court
on that appeal, and the decree of the chancellor was af-
firmed by us at our December term, 1914.  The opinion
in the case was reported in *Silliman* v. *Insurance Co.*,
131 Tenn. (4 Thomp.), 303, 174 S. W., 1131, L. R. A.,
1915F, 707.  Thereafter, in due time, the company ten-
dered and paid into the registry of the chancery court
the full amount of the face of each policy, and all in-
terest and court costs; and by its answer denied liability
for the penalty on the ground that it had refused to
make payment and contested its liability for the prin-
cipal sum of each policy in good faith, and was not liable
for the penalty.

We are wholly unable to see any lack of good faith.
The question of the liability of the company on the state
of facts shown in *Silliman* v. *Insurance Co.*, supra, was
open and undecided in this State.  As we see this case,
there is neither direct nor circumstantial evidence that
the company in refusing to pay was not acting in good
faith.  It is urged that it attempted to compromise and

settle the question of liability both before and after the death of Mr. Silliman, but we fail to see in this act any lack of good faith. Indeed, the law encourages honest efforts to compromise differences. But it is said the efforts were not honest. We have been unable to find the evidence which sustains this insistence.

It is urged that the company and its counsel should have known the law which fixed liability. It is, however, conceded that they might be excusable for failure to know a determinative fact. Our cases do not recognize such a distinction, and a consideration of the many legal questions on which the courts are in hopeless conflict suggests the thought that jurisprudence is not one of the exact sciences, and that one who holds out to have a practical knowledge of its principles may have quite an honest but most erroneous, view of a concrete legal question.

The proof under the statute does not make out a proper case for the recovery of the penalties, and the bills, in so far as they seek such recovery, are accordingly dismissed, and the complainant will pay the costs of the court below and of this court incident to her claim for the penalties.