William D. HUNLEY, et al.

v.

**SILVER FURNITURE
MFG. CO., et al.**

Supreme Court of Tennessee,
at Knoxville.

Feb. 23, 2001.

William Luther Cooper, Knoxville, TN, for appellants, Willie D. Hunley and Brenda K. Hunley.

Stephen E. Yeager, Knoxville, TN, for appellant, Velvac, Inc.

Robin M. King and Ronald Crockett Newcomb, Knoxville, TN, for appellees, Silver Furniture Manufacturing Company and its insurer, Tab Service Corp.

## OPINION

HOLDER, J., delivered the opinion of the court, in which ANDERSON, C.J., and BIRCH, and BARKER, JJ., joined.

We granted this appeal to determine whether a workers' compensation insurance carrier's subrogation right under Tenn.Code Ann. § 50–6–112(c) extends to amounts representing compensation to a worker's spouse for loss of consortium. We hold that such amounts are not subject to subrogation under Tenn.Code Ann. § 50–6–112(c). When the allocation of damages between the worker and the worker's spouse is determined by settlement, however, we hold that the parties may request approval of the settlement from the court having jurisdiction over the third-party claim. Reasonable notice of the action seeking court approval of the settlement shall be provided to the employer or its carrier. The trial court having jurisdiction over the third-party claim shall then review the settlement to determine whether the allocation of settlement proceeds between the worker and the worker's spouse is fair and reasonable. Any portion of the settlement allocated to the worker's spouse for loss of consortium that is determined not to be fair and reasonable shall be subject the employer's statutory lien.

## BACKGROUND

William D. Hunley was an employee of Silver Furniture Manufacturing Co. ("SFMC"). He suffered serious employment-related injuries while operating equipment manufactured by Velvac, Inc. ("Velvac"). Mr. Hunley brought suit against Velvac, seeking recovery for necessary medical expenses and personal injury. Mrs. Hunley also brought suit against Velvac for loss of consortium.

The parties entered into an agreement to settle both claims. Velvac agreed to pay $200,000 to Mr. Hunley for his personal injuries[1] and agreed to pay $200,000 to Mrs. Hunley for her loss of consortium claim. The Hunleys then filed a complaint seeking declaratory judgment. They asked the court to declare that Mrs. Hunley's $200,000 settlement was not subject to the workers' compensation subrogation lien provided by Tenn.Code Ann. § 50–6–112(c). SFMC and its workers' compensation insurance carrier filed a counterclaim,

---

1. Medical costs of $125,516.61 and $37,321.60 in disability benefits had been paid to Mr. Hunley by SFMC or its carrier at the time of the filing of the declaratory judgment. After payment of the attorney fee of $66,666.66, the payments to Mr. Hunley exceeded the settlement amount allocated to him.

seeking a determination that Mrs. Hunley's settlement award was subject to the employer's subrogation lien.

The trial court held in SFMC's favor. The Court of Appeals affirmed. It based its decision upon an unreported case [2] holding that a spouse's recovery for loss of consortium is subject to the employer's subrogation right. We granted review.

## ANALYSIS

A worker who has been injured by a third-party tortfeasor may receive workers' compensation benefits from the employer and also may maintain an action against the third-party tortfeasor. *See* Tenn.Code Ann. § 50–6–112. In the event of the worker's recovery from the third party, Tenn.Code Ann. § 50–6–112(c) provides a subrogation lien in favor of an employer against any amounts recovered by the worker from the third party "by judgment, settlement or otherwise." Tenn.Code Ann. § 50–6–112(c); *see also Castleman v. Ross Eng'g, Inc.*, 958 S.W.2d 720 (Tenn.1997).

■ The parties do not dispute that the amount of the settlement apportioned to Mr. Hunley is subject to the statutory subrogation lien. The issue to be determined is whether the $200,000 apportioned to Mrs. Hunley as compensation for her loss of consortium claim is similarly subject to the lien. As this issue presents questions of law only, our review is de novo. *See, e.g., Spencer v. Towson Moving & Storage, Inc.*, 922 S.W.2d 508, 509 (Tenn.1996).

■ The employer's subrogation lien extends only to amounts recovered by "the worker, or by those to whom such worker's right of action survives." Tenn.Code Ann.

§ 50–6–112(c). Because this is not an action brought by a party surviving the worker, the statutory language, "by those to whom such worker's right of action survives" is not implicated.[3] The question remaining for our determination is whether the settlement amount allocated to Mrs. Hunley was an amount recovered by "the worker."

■ SFMC correctly points out that loss of consortium is a derivative claim. *Cross v. City of Memphis*, 20 S.W.3d 642, 645 (Tenn.2000); *Tuggle v. Allright Parking Sys.*, 922 S.W.2d 105, 108 (Tenn.1996); *Evans v. Wilson*, 776 S.W.2d 939 (Tenn. 1989). It is derivative in the sense that Mrs. Hunley's loss of consortium claim originates from Mr. Hunley's claim for his personal injuries. *See Tuggle*, 922 S.W.2d at 109 (joining majority of jurisdictions in allowing reduction of spouse's loss of consortium award by injured party's comparative fault based on fact that consortium is a derivative claim); *Black's Law Dictionary* 443 (6th ed.1990) (defining "derivative" as a thing which "owes its existence to something foregoing.").

■ We have held, however, that loss of consortium is " 'a separate claim from that of an injured spouse.' " *Tuggle*, 922 S.W.2d at 108 (Tenn.1996) (quoting *Jackson v. Miller*, 776 S.W.2d 115, 117 (Tenn. Ct.App.1989)). The Court of Appeals has also held that "[t]he right to recover for loss of consortium is a right independent of the spouse's right to recover for the injuries themselves." *Swafford v. City of Chattanooga*, 743 S.W.2d 174, 178 (Tenn. Ct.App.1987); *see also Tuggle*, 922 S.W.2d at 108 (citing *Swafford* with approval). These cases recognize that a spouse's loss of consortium claim is a distinct cause of action vested solely in the spouse. *See*

---

**2.** *Sexton v. Tri–Cities Insulation, Inc.*, No. 94, 1987 WL 7720 (Tenn.Ct.App. March 10, 1987).

**3.** This claim is not one for wrongful death. We, therefore, express no opinion as to the extent to which damages awarded pursuant to a claim for wrongful death are subject to

subrogation under Tenn.Code Ann. § 50–6–112(c). *See Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593 (Tenn.1999) (holding loss of consortium damages constitute a portion of the pecuniary value of the decedent's life).

Tenn.Code Ann. § 25–1–106 (expressly creating wife's right to claim loss of consortium).

■ The status of the worker's spouse's cause of action for loss of consortium as a distinct claim is further supported by the lack of a remedy for the worker's spouse under our workers' compensation law. The workers' compensation statutes make no provision for compensating a worker's spouse for loss of consortium damages. Indeed, we have held that a worker's spouse has no right to bring suit against the employer for loss of consortium. *Napier v. Martin,* 194 Tenn. 105, 250 S.W.2d 35, 36 (1952). The spouse's remedy for loss of consortium exists only against a third-party tortfeasor. Equating the worker's spouse with the worker for purposes of Tenn.Code Ann. § 50–6–112(c) would require us to ignore the substance of a statutory scheme that regards a spouse's claim for loss of consortium as separate from the worker's claim. Accordingly, we join the majority of jurisdictions that hold an employer's right to subrogation does not extend to amounts recovered by the worker's spouse for loss of consortium against a third-party tortfeasor and that amounts collected by a spouse for a cause of action vested solely in that spouse are beyond the reach of the statutory subrogation lien.[4]

One consideration remains. Clearly, workers in Tennessee are authorized to settle claims against third-party tortfeasors. *See Millican v. Home Stores, Inc.,* 197 Tenn. 93, 270 S.W.2d 372, 374 (1954). Further, "[t]he Tennessee statute does not require the employee to obtain the ratification of the employer before making a settlement." *Aetna Cas. & Sur. Co. v. Gilreath,* 625 S.W.2d 269, 273 (Tenn.1981). Nevertheless, we recognize, as have other jurisdictions,[5] the risk that workers, their spouses, and third-party tortfeasors may structure a settlement in such a way that the employer's subrogation right is effectively circumvented.

This Court has long recognized the benefits of settlement and will continue to "encourage[ ] honest efforts to compromise differences." *Silliman v. Int'l Life Ins. Co.,* 135 Tenn. 646, 188 S.W. 273, 274

**4.** *Accord Gapusan v. Jay,* 66 Cal.App.4th 734, 78 Cal.Rptr.2d 250, 256 (1998); *Colo. Comp. Ins. Auth. v. Jorgensen,* 992 P.2d 1156, 1163–64 (Colo.2000); *Page v. Hibbard,* 119 Ill.2d 41, 115 Ill.Dec. 544, 518 N.E.2d 69 (1987); *Dearing v. Perry,* 499 N.E.2d 268, 272 (Ind.Ct. App.1986); *In re Estate of Sylvester,* 559 N.W.2d 285, 288 (Iowa 1997); *Fisher v. State Farm Mut. Auto. Ins. Co.,* 264 Kan. 111, 955 P.2d 622, 631 (1998); *Hultin v. Francis Harvey & Sons,* 40 Mass.App.Ct. 692, 666 N.E.2d 1323, 1326 (1996); *Brocker Manuf. & Supply Co. v. Mashburn,* 17 Md.App. 327, 301 A.2d 501, 507–08 (1973); *Dionne v. Libbey–Owens Ford Co.,* 621 A.2d 414, 418 (Me.1993); *Rascop v. Nationwide Carriers,* 281 N.W.2d 170, 172–73 (Minn.1979); *Jones v. McCullough,* 227 Mich.App. 543, 576 N.W.2d 698, 699 (1998); *Weir v. Mkt. Transition Facility of N.J.,* 318 N.J.Super. 436, 723 A.2d 1231, 1236 (1999); *Meyer v. N.D. Workers Comp. Bureau,* 512 N.W.2d 680, 682 (N.D.1994); *Darr Constr. Co. v. Workmen's Comp. Appeal Bd.,* 552 Pa. 400, 715 A.2d 1075, 1080–81 (1998); *Zoss v. Dakota Truck Underwriters,* 575 N.W.2d 258, 262 (S.D.1998); *Flanigan v. Dep't of Labor & Indus.,* 123 Wash.2d 418, 869 P.2d 14, 18 (1994); *DeMeulenaere v.*

*Transp. Ins. Co.,* 116 Wis.2d 322, 342 N.W.2d 56, 58 (Ct.App.1983). *But see Martinez v. Indus. Comm'n of Ariz.,* 168 Ariz. 307, 812 P.2d 1125, 1127 (Ct.App.1991).

**5.** *See Bailey v. Reliance Ins. Co.,* 79 Cal. App.4th 449, 94 Cal.Rptr.2d 149, 156 (2000); *Rains v. Kolberg Manuf. Corp.,* 897 P.2d 845, 848 (Colo.Ct.App.1994); *Shimabuku v. Montgomery Elevator Co.,* 79 Hawai'i 352, 903 P.2d 48, 54–55 (1995); *Blagg v. Ill. F.W.D. Truck & Equip. Co.,* 143 Ill.2d 188, 157 Ill.Dec. 456, 572 N.E.2d 920, 924 (1991); *Smith v. Marzolf,* 59 Ill.App.3d 635, 16 Ill.Dec. 888, 375 N.E.2d 995, 998 (1978); *Dearing,* 499 N.E.2d at 272; *McGranahan v. McGough,* 249 Kan. 328, 820 P.2d 403, 411 (1991); *Hultin,* 666 N.E.2d at 1328–29 (noting settlements apportioning bulk of total award to spouse's loss of consortium "must be eyed by the court with a healthy dose of skepticism"); *Nichols v. Cantara & Sons,* 659 A.2d 258, 261 n. 2 (Me. 1995); *Lone v. Esco Elevators, Inc.,* 78 Mich. App. 97, 259 N.W.2d 869, 876 n. 7 (1977); *Darr Constr. Co.,* 715 A.2d at 1081; *Ins. Co. of N. Am. v. Wright,* 886 S.W.2d 337, 341–42 (Tex.Ct.App.—Hous.1994); *DeMeulenaere,* 342 N.W.2d at 60.

(1916); *see also Third Nat'l Bank v. Scribner*, 212 Tenn. 400, 370 S.W.2d 482, 487 (1963) ("The policy of the law is to favor compromise."). We find it appropriate, however, to clarify that trial courts have the power to ensure the continued honesty of workers' settlements with third-party tortfeasors when loss of consortium damages are apportioned to a spouse as an adjunct to the worker's personal damages.

■ We hold that an injured worker, the injured worker's spouse, or a third-party tortfeasor may seek court approval of a settlement. Reasonable notice of the action in which approval is sought shall be provided to the employer or its carrier. The trial court having jurisdiction over the third-party claim shall then review the allocation of damages to the injured worker and to the injured worker's spouse. We believe that the trial court is in the best position to review the allocation of damages between the plaintiffs. In the trial of personal injury cases, juries determine the amount of damages awarded to the parties for their claims. In the absence of a jury demand, the trial court makes those determinations as the trier of fact. Moreover, trial courts have the authority to accept settlements and to give effect to them.

■ When presented with a motion to approve a settlement between a third-party tortfeasor and the worker and the worker's spouse, the trial court having jurisdiction over the third-party claim shall review the settlement to ensure that the allocation of settlement proceeds between the worker and the worker's spouse is fair and reasonable. *See, e.g., Blagg v. Ill. F.W.D. Truck & Equip. Co.*, 143 Ill.2d 188, 157 Ill.Dec. 456, 572 N.E.2d 920, 924 (1991). The court should consider both the need to protect the statutory subrogation rights of the employer and the need to encourage good faith settlement of third-party claims. In determining the reasonableness of the allocation of the total damages, the trial court should consider "the nature and extent of the claimed loss of consortium, the potential value of the dismissed claim, and the expectations and motivations of the settling parties." *Rains v. Kolberg Mfg. Corp.*, 897 P.2d 845, 848 (Colo.Ct.App.1994). If any portion of the settlement allocated for loss of consortium damages is determined not to be fair and reasonable, that portion shall be made subject to subrogation in favor of the employer. *See id.* The trial court's ruling shall be upheld unless an abuse of discretion is shown.[6]

6. Legislatures in several jurisdictions have enacted statutes mandating safeguards for ensuring the reasonableness of third-party workers' compensation settlements. *See, e.g.*, Ark. Code Ann. § 11–9–410(c) (Michie, WESTLAW through 1999 Legis. Sess.) (requiring notice, cooperation of parties, and court approval of settlements); Cal. Labor Code § 3860 (West, WESTLAW through 1999 portion of 1999–2000 Legis. Sess.) (requiring notice of settlement to employer); Haw.Rev.Stat. § 386–8 (Michie, WESTLAW through 1999 Legis. Sess.) (requiring consent of employer to settle); Iowa Code Ann. § 85.22(3) (West, WESTLAW through 1999 Legis. Sess.) (requiring consent of employer to settle); Kan. Stat. Ann. § 44–504(b) (WESTLAW through 1999 Legis. Sess.) (expressly excluding consortium from employer's subrogation right but requiring court to determine amount of consortium); Me.Rev.Stat. Ann. tit. 39–A § 107 (West, WESTLAW through 1999 Legis. Sess.) (requiring court approval of settlements); Minn.Stat. Ann. § 176.061 (West, WESTLAW through 1999 Legis. Sess.) (requiring notice of third-party settlement to employer); Neb.Rev.Stat. § 48–118 (WESTLAW through 1999 1st Legis. Sess.) (requiring employee and employer/insurer to agree on third-party settlement or court approval in the absence of such agreement); N.H.Rev.Stat. § 281–A:13(III) (WESTLAW through 1999 Legis. Sess.) (requiring approval of settlement by commissioner or court); N.C. Gen. Stat. § 97–10.2(h) (WESTLAW through 2000 Legis. Sess.) (requiring written consent of employer and employee to settle); N.D. Cent. Code § 65–01–09 (WESTLAW through 1999 Legis. Sess.) (providing the "subrogation interest may not be reduced by settlement, compromise, or judgment."); Ohio Rev.Code Ann. § 4123.931(B) (West, WESTLAW through 2000 portion of Gen. Ass.) (requiring notice and opportunity to assert subrogation rights before settlement); Wyo. Stat. Ann. § 27–14–105(b) (WESTLAW through 2000 Budget Sess.) (requiring notice and requiring director to be made party to negotiations.).

## CONCLUSION

We hold that an employer's right to subrogation under Tenn.Code Ann. § 50–6–112(c) does not extend to amounts recovered from a third-party tortfeasor by the worker's spouse for loss of consortium. When the allocation of damages between the injured worker and the injured worker's spouse is determined by settlement, however, we hold that a party may request approval of the settlement from the court having jurisdiction over the third-party claim. That court shall then review the settlement between the third party, the worker, and the worker's spouse to determine if the allocation of settlement proceeds between the worker and the worker's spouse is fair and reasonable. Reasonable notice of an action to seek approval shall be given to the employer or its carrier.

We anticipate that the parties in this case may seek court approval of their settlement in light of our decision today. Should they do so, the trial court having jurisdiction over the third-party claim shall determine whether the allocation of the settlement proceeds between Mr. Hunley and Mrs. Hunley was fair and reasonable. Any portion of the settlement allocated to Mrs. Hunley for loss of consortium damages that is determined not to be fair and reasonable shall be subject to SFMC's lien pursuant to Tenn.Code Ann. § 50–6–112(c). Costs of this appeal are taxed to appellees Silver Furniture Manufacturing Co. and Tab Service Corporation for which execution may issue if necessary.

DROWOTA, J., not participating.