**Woo–Jun KI, et al.**

v.

**The STATE of Tennessee.**

Supreme Court of Tennessee,
at Jackson.

July 9, 2002.

---

Barbara Hawley Smith and William Daniel Leader, Jr., Nashville, Tennessee, for the appellants, Woo–Jun Ki and Jeong–Gyung Ki.

Alan M. Parker, Knoxville, Tennessee; and Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Kimberly J. Dean, Deputy Attorney General, for the appellee, State of Tennessee.

## OPINION

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

We granted appeal to determine the meaning of "claimant" in Tenn.Code Ann. § 9–8–307(e) when an action for wrongful death is filed against the State. We hold that the decedent is the sole "claimant" under Tenn.Code Ann. § 9–8–307(e), as contemplated by Tenn.Code Ann. § 20–5–106(a) and Tenn.Code Ann. § 20–5–113. The award of damages is therefore limited to $300,000 pursuant to Tenn.Code Ann. § 9–8–307. The judgment of the Court of Appeals is affirmed, and the case is remanded to the trial court for proceedings consistent with this opinion.

## BACKGROUND/PROCEDURAL HISTORY

On January 11, 1997, Jong–Do Ki died in a student dormitory fire at the University of Tennessee, Martin. Mr. and Mrs. Woo–Jun Ki, individually and as parents and next of kin of Jong–Do, filed a claim for wrongful death in the Tennessee Division of Claims Administration. The Notice of Claim asserted that the State of Tennessee negligently created or maintained dangerous conditions on state-controlled property that resulted in Jong–Do's death. *See* Tenn.Code Ann. § 9–8–307(a)(1)(C). The claim was transferred to the Tennessee Claims Commission. The Claims Commission conducted a trial in August of 2000.

The Commissioner found that the State was sixty percent at fault for the death of Jong–Do.[1] Section 9–8–307(e) of the Tennessee Code Annotated limits the State's liability for damages arising in tort to $300,000 per claimant and $1,000,000 per occurrence. Construing Tenn.Code Ann. § 9–8–307(e), the Commissioner determined that there are two separate "claimants" in a wrongful death action: 1) Jong–Do, the decedent, whose personal injury claim survives his death; and 2) Mr. and Mrs. Ki, the beneficiaries, whose claim is for the injuries and losses they suffered as a result of Jong–Do's death. The Commissioner concluded that the Kis were entitled to recover $500,000 for Jong–Do's personal injury claim, and $500,000 for their individual losses. Applying the State's assessed fault of sixty percent to these amounts, the Claims Commission awarded the Kis $300,000 on behalf of their son and $300,000 for their losses.

The State appealed the judgment of the Claims Commission. The Court of Appeals partially reversed the holding of the trial court.[2] The intermediate appellate

---

1. The Commissioner assessed forty percent of the fault for Jong–Do's death to David Bornfriend and Sarah Branscomb, who started the fire.

2. On appeal the State also asserted that filial consortium damages are not available for the wrongful death of an adult child. The Court of Appeals held that the issue was pretermitted. *See Ki v. State,* 2001 WL 935449, at *6, 2001 Tenn.App. LEXIS 611, at * 19 (Tenn.Ct. App.2001). In *Rothstein v. Orange Grove Ctr., Inc.,* 60 S.W.3d 807 (Tenn.2001), we held that

court held that Jong–Do Ki is the only claimant under Tenn.Code Ann. § 9–8–307(e). The maximum recovery available for Jong–Do's wrongful death is therefore $300,000. The Kis appealed. We affirm the judgment of the Court of Appeals.

### STANDARD OF REVIEW

■ "[I]ssues of statutory construction are questions of law." *Stewart v. State*, 33 S.W.3d 785, 791 (Tenn.2000). We review such issues de novo, according no presumption of correctness to the conclusions reached by the trial court. *See Walker v. Board of Prof'l Responsibility*, 38 S.W.3d 540, 544 (Tenn.2001); *Reeves v. Granite State Ins. Co.*, 36 S.W.3d 58, 60 (Tenn.2001).

### ANALYSIS

#### I. *Definition of "Claimant"*

■ Section 9–8–307(e) of the Tennessee Code Annotated provides that "[f]or causes of action arising in tort, the State shall only be liable for damages up to the sum of three hundred thousand dollars ($300,000) per claimant and one million dollars ($1,000,000) per occurrence." (Supp.2000). The meaning of the term "claimant" as found in this section is dispositive of whether the Kis may recover more than $300,000. The cause of action in this case arises from the wrongful death of Jong–Do Ki. Accordingly, we must determine the meaning of the term "claimant" as used in Tenn.Code Ann. § 9–8–307(e) in context with the relevant wrongful death statutes, Tenn.Code Ann. § 20–5–106 and Tenn.Code Ann. § 20–5–113.

■ When construing statutes, we are required to ascertain and effectuate the legislative intent and purpose of the stat-

utes. *State v. Walls*, 62 S.W.3d 119 (Tenn. 2001). We should "assume that the legislature used each word in the statute purposely and that the use of [each] word[ ] conveyed some intent." *State v. Levandowski*, 955 S.W.2d 603, 604 (Tenn.1997). Further, courts must presume that the legislature is aware of prior enactments and of the decisions of the courts when enacting legislation. *Id.* Legislative intent must be derived from the plain and ordinary meaning of the statutory language if the statute is devoid of ambiguity. *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000). With these principles in mind, we shall now construe the term "claimant" as found in Tenn.Code Ann. § 9–8–307(e).

■ Section 20–5–106(a) of the Tennessee Code Annotated provides in pertinent part that

> [t]he right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, *would have had against the wrongdoer*, in case death had not ensued, *shall not abate* or be extinguished by the person's death *but shall pass* to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin ....

(Supp.2000)(emphasis added). The plain language of Tenn.Code Ann. § 20–5–106(a) establishes that in a wrongful death suit only one right of action exists: the action that the decedent would have had, absent death, against the negligent wrongdoer. "Claimant" is defined as "[o]ne who claims or asserts a right, demand, or claim." BLACK'S LAW DICTIONARY 247 (6th ed.1990). The decedent is the sole party who holds a right of action or claim in a wrongful death

---

filial consortium damages are available for the wrongful death of an adult child. The

State has not raised this issue on appeal.

suit. *See Lynn v. City of Jackson*, 63 S.W.3d 332, 336 (Tenn.2001) (stating that "Tennessee's wrongful death statute does not create a new cause of action for the beneficiaries but instead preserves the right of action of the decedent."). The decedent's survivors are only asserting the decedent's right of action on behalf of the decedent. Accordingly, because Tenn. Code Ann. § 20–5–106(a) creates one claim or right of action vested in the decedent, the decedent is the sole "claimant" in a wrongful death action.

The Kis maintain, however, that Tenn.Code Ann. § 20–5–113 creates two separate rights to damages, which has the effect of permitting two claimants to exist in a wrongful death action. Section 20–5–113 of the Tennessee Code Annotated provides in pertinent part that when

> suit is brought for damages, *as provided for by §§ 20–5–106 and 20–5–107*, the party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties *for whose use and benefit the right of action survives* from the death consequent upon the injuries received.

(1994) (emphasis added). Section 20–5–113 of the Tennessee Code Annotated establishes the types of damages that may be recovered in a wrongful death action. In *Jordan v. Baptist Three Rivers Hospital*, 984 S.W.2d 593 (Tenn.1999), we held that the wrongful death damages statute, Tenn.Code Ann. § 20–5–113, permits an award of consortium damages as part of the pecuniary value of the deceased's life. *Id.* at 601. As we stated in *Jordan*, however, "[t]his holding does not create a new cause of action but merely refines the term 'pecuniary value.'" *Id.* Thus, beneficiaries do not have an individual claim or cause of action for the wrongful death of the decedent. Instead, the beneficiaries may recover damages for their individual losses that arise pursuant to the right of action vested in the decedent. *See Kline v. Eyrich*, 69 S.W.3d 197, 207 (Tenn.2002) (stating that although the living beneficiaries of the action may seek recovery for their own losses in addition to the losses of the decedent, the right of action remains one that is single and indivisible). More than one claimant is not created in a wrongful death action, however, simply because beneficiaries may be compensated for their individual losses as a part of the decedent's right of action or claim.

The Kis argue that this result is anomalous because in a spousal injury case the State may be liable for a maximum of $600,000 but in a wrongful death action the State may only be liable for a maximum of $300,000. In *Hunley v. Silver Furniture Manufacturing Co.*, 38 S.W.3d 555 (Tenn. 2001), this Court reiterated that "the right to recover for loss of consortium is a right independent of the spouse's right to recover for the injuries themselves." *Id.* at 557 (citing with approval *Swafford v. City of Chattanooga*, 743 S.W.2d 174, 178 (Tenn. Ct.App.1987)). Thus, in a spousal injury action two "claimants" may exist because the non-injured spouse may maintain a separate cause of action or claim for loss of consortium pursuant to statute. *Hunley*, 38 S.W.3d at 557; *Tuggle v. Allright Parking Sys.*, 922 S.W.2d 105, 108 (Tenn.1996). In a wrongful death action, however, loss of consortium is only a part of the recoverable damages in the decedent's right of action. Accordingly, we hold that Jong–Do is the sole "claimant" under Tenn.Code Ann. § 9–8–307(e) as contemplated by Tenn.Code Ann. § 20–5–106(a) and Tenn. Code Ann. § 20–5–113.

## II. *Monetary Award*

Having determined that in the context of a wrongful death action the term "claim-

ant" as found in Tenn.Code Ann. § 9–8–307(e) means "decedent," we must now review the Claims Commission's award of damages. The Commissioner found that the Kis were entitled to recover $500,000 for Jong–Do's personal injury claim and $500,000 for their individual losses. After applying comparative fault principles, the Claims Commission awarded the Kis $300,000 on behalf of their son and $300,000 for their individual losses. The maximum recovery in this case, however, is $300,000 per claimant. We therefore hold that the Kis are entitled to an award of $300,000 because the decedent is the only claimant.

## CONCLUSION

We hold that the term "claimant" as found in Tenn.Code Ann. § 9–8–307(e) means "decedent" when viewed in context with the relevant wrongful death statutes, Tenn.Code Ann. § 20–5–106 and Tenn. Code Ann. § 20–5–113. Jong–Do Ki is the only claimant in this case. The judgment of the trial court, therefore, is reversed in part and affirmed in part. The case is remanded to the trial court for proceedings consistent with this opinion. Costs of this appeal are taxed to the appellees, Mr. and Mrs. Woo–Jun Ki, for which execution may issue if necessary.