IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 7, 2003 Session

# WAYNE BAILIFF, ET AL. v. STATE OF TENNESSEE, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 01C-872     Thomas W. Brothers, Judge**

**and**

**Tennessee Claims Commission**
**No. 20101402**

---

**No. M2001-01936-COA-R3-CV - Filed May 14, 2003**

---

In these consolidated appeals a wife appeals the order of the Tennessee Claims Commission dismissing her claim for loss of consortium because it was not brought as a part of her husband's claim, and the husband and wife appeal the Davidson County Circuit Court's denial of their motion to amend to add the wife's claim to the husband's action against the State of Tennessee and other defendants. We reverse the action of the Claims Commission and remand the wife's claim to the Circuit Court for trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court and Claims
Commission Reversed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and W. FRANK BROWN, III, SP. J., joined.

Russell Willis and William B. Hawkins, III, Nashville, Tennessee, for the appellants, Wayne and Edna Bailiff.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Mary M. Bers, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

### I.

Wayne Bailiff slipped and fell in a bathtub at Montgomery Bell State Park, and he filed a claim with the Tennessee Claims Commission on April 1, 2000. On March 21, 2001, Mr. Bailiff

filed an action in the Circuit Court of Davidson County against four other defendants who had been identified by the State as sharing the responsibility for the fall. On the same date Mr. Bailiff moved the Claims Commission to transfer the claim to the Circuit Court pursuant to Tenn. Code Ann. § 9-8-404, so that all claims could be tried together.

Also, on the same date, Mrs. Bailiff filed a separate claim in the Claims Commission for loss of consortium. The claim prayed for a consolidation with Mr. Bailiff's claim and that they be transferred together to the Circuit Court. The State filed a motion to dismiss on the ground that a claim for consortium is derivative and cannot be filed separately from the injured spouse's claim. The Commissioner granted the motion to dismiss in an order entered on June 11, 2001. Mrs. Bailiff filed a timely notice of appeal to the Court of Appeals.

The Claims Commission originally transferred Mr. Bailiff's claim to the Circuit Court of Dickson County. Subsequently the Dickson County Court transferred the claim to the Circuit Court of Davidson County, and it was consolidated with the action against the other defendants. On September 29, 2001, Mr. and Mrs. Bailiff moved to amend the complaint in the Circuit Court to add a claim for loss of consortium on Mrs. Bailiff's behalf. The State objected to the amendment on the ground that exclusive jurisdiction over that question lay in the Court of Appeals since Mrs. Bailiff had appealed the dismissal of her claim in the Claims Commission. The Circuit Court overruled the Bailiffs' motion and and granted Mrs. Bailiff an interlocutory appeal under Tenn. R. App. P. 9.

## II.
### THE CLAIMS COMMISSION ACTION

Originally, if a man's wife had been injured the man could sue for the loss of his wife's services, analogous to a claim for the loss of the services of his other servants. In modern times the loss of consortium has come to include also the loss of love, affection, and companionship. *Still v. Baptist Hospital, Inc.*, 755 S.W.2d 807 (Tenn. Ct. App. 1988). In 1969 our Legislature extended the cause of action to wives who had been denied the husband's services, love, and companionship by injuries to the husband. *See* Tenn. Code Ann. § 25-1-106.

Although the claim is said to be "derivative," i.e. arising out of the injuries to the other spouse, the right to recover for loss of consortium is a right independent of the other spouse's right to recover for his or her own injuries. *Swafford v. City of Chattanooga*, 743 S.W.2d 174 (Tenn. Ct. App. 1987). It is "a separate claim from that of the injured spouse." *Tuggle v. Allright Parking System*, 922 S.W.2d 105, 108 (Tenn. 1996). *See also Hunley v. Silver Furniture Mfg. Co.*, 38 S.W.3d 555 (Tenn. 2001).

Clearly, then, Mrs. Bailiff's claim was not subject to dismissal in the Claims Commission on the fact alone that it was filed separate from her husband's claim for his own injuries. We, therefore, reverse the action of the Commissioner.

We are aware that the Commissioner also relied on the Commission's Rule No. 0310-0-0-.01(c) that requires a party who opposes a motion to respond to it within thirty days. The rule says that failure to respond will indicate that there is no opposition to the motion. Mrs. Bailiff did not file a response to the State's motion to dismiss. She did, however, file a motion to reconsider or to amend the order dismissing her claim, supported by the authorities showing that it was viable. When it conclusively appeared that her claim could be filed separate from the husband's claim, we think it was an abuse of discretion not to amend the order of dismissal. *See Campbell v. Archer*, 555 S.W.2d 110 (Tenn. 1977).

## III.
### THE ACTION IN CIRCUIT COURT

Now that we have decided that Mrs. Bailiff has a claim for loss of consortium that is separate from her husband's claim, we are of the opinion that the question of whether the Circuit Court erred in holding that exclusive jurisdiction over Mrs. Bailiff's claim lay in this court is moot. Therefore we set aside the Circuit Court's order overruling the motion to amend.

Under the unusual circumstances of this case, we are of the opinion that rather than remanding Mrs. Bailiff's consortium claim against the State to the Claims Commission with instructions to transfer it to the Circuit Court of Davidson County, the most expeditious way to get the various claims at issue is to remand Mrs. Bailiff's claim to the Davidson County Circuit Court for trial with the other claims pending there.

We, therefore, reverse the action of the Claims Commission and remand Mrs. Bailiff's claim to the Davidson County Circuit Court for trial. Tax the costs on appeal in both cases to the State.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.