FILED

08/28/2020

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 4, 2020 Session

**STEVEN KAMPMEYER ET AL. v. STATE OF TENNESSEE**

**Appeal from the Tennessee Claims Commission Middle Division**
**No. T20190265-1    Robert N. Hibbett, Commissioner**

——————————————————

**No. M2019-01196-COA-R3-CV**

——————————————————

Appellants, Husband and Wife, filed a complaint for damages, including Wife's loss of consortium claim, with the Tennessee Claims Commission. The State filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss Wife's loss of consortium claim because she did not file notice of her claim with the Division of Claims Administration within the applicable statute of limitations. The Claims Commission dismissed Wife's claim for failure to comply with the notice requirement. *See* Tenn. Code Ann. § 9-8-402(b). Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and CARMA DENNIS MCGEE, JJ., joined.

Sidney W. Gilreath and Cary L. Bauer, Knoxville, Tennessee, for the appellants, Steven Kampmeyer and Melissa Kampmeyer.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Meghan Murphy, Senior Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Background**

The underlying facts are not in dispute. On December 11, 2017, Steven Kampmeyer, a Florida resident, was involved in a motor vehicle accident while traveling on Highway 111 in Dunlap, Tennessee. At the time of the accident, Tennessee Department of Transportation ("TDOT") employees, Timothy Layman and James Grant, were applying a de-icing agent to an overpass. Mr. Layman's TDOT vehicle, which had

an attached trailer with the de-icing agent on it, was parked in the center lane in front of the TDOT vehicle driven by Mr. Grant. Mr. Grant's vehicle was also parked, and Mr. Grant was outside his vehicle assisting Mr. Layman with de-icing. While crossing the overpass, Mr. Kampmeyer's vehicle crashed into the rear of Mr. Grant's vehicle. Mr. Kampmeyer suffered serious injuries, including several broken bones, an injury to his left eye, internal injuries, and a brain injury.

On August 9, 2018, Mr. Kampmeyer filed a Claim for Damages in the Division of Claims Administration ("DCA") against Appellee State of Tennessee ("State").[1] The claim, which was signed by Mr. Kampmeyer, listed Steven Kampmeyer as the filer/claimant and described the physical and neurological injuries suffered by Mr. Kampmeyer. The DCA made no decision on Mr. Kampmeyer's claim within the ninety-day settlement period provided in Tennessee Code Annotated section 9-8-402(c) and transferred the claim to the Tennessee Claims Commission ("Claims Commission") on November 7, 2018.

On December 5, 2018, Mr. Kampmeyer and his wife, Melissa Kampmeyer (together, "Appellants"), filed a joint-complaint with the Claims Commission (an amended complaint was filed on May 2, 2019). In the complaint, Mrs. Kampmeyer asserted, for the first time, a claim for loss of consortium. The State moved to dismiss Mrs. Kampmeyer's loss of consortium claim on the ground that she did not file a notice of claim with the DCA within the one-year statute of limitations. On March 15, 2019, Appellants filed a response in opposition to the State's motion to dismiss. In support of their response, Appellant's filed a memorandum, wherein they argued that Mrs. Kampmeyer's loss of consortium claim should not have been dismissed but should have been transferred to the Board of Claims for processing because it was filed with the Claims Commission within one year from the date of the underlying accident. In support of this contention, Appellant's relied on Tennessee Code Annotated section 9-8-402(a)(5) and ***Hunter v. State of Tennessee***, No. 104743, 1993 WL 133240, at *2 (Tenn. Ct. App. 1993), discussed *infra*. After hearing arguments from both parties, the Claims Commission granted the State's motion on May 17, 2019 and entered an amended order on June 18, 2019. The Claims Commission held that Mrs. Kampmeyer "did not properly file her claim with the Division of Claims Administration within the applicable statute of limitations pursuant to Tenn. Code Ann. § 9-8-402." Appellants appeal.

---

[1] The Division of Claims Administration is now called the Division of Claims and Risk Management, *see* Tenn. Code Ann. § 9-8-402(a)(1). Here, in its ruling, the Claims Commission used the former name. To avoid confusion, for purposes of this appeal, we will use the designated abbreviation, "DCA," for ease of reference.

## II. Issue

Appellants raise one issue for review: Whether the Claims Commission erred in dismissing Mrs. Kampmeyer's claim for loss of consortium?

## III. Standard of Review

Our review of the Claims Commission's findings of fact is *de novo* on the record, with a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). The Claims Commission's conclusions of law, however, are subject to *de novo* review, with no presumption of correctness. *Nichols v. Nichols*, No. E2004-02486-COA-R3-CV, 2005 WL 2978968, *3 (Tenn. Ct. App. Nov. 7, 2005). Here, the Claims Commission dismissed Mrs. Kampmeyer's loss of consortium claim on grant of the State's Tennessee Rule of Civil Procedure 12.02 motion to dismiss. A Rule 12.02 motion tests the legal sufficiency of the plaintiff's complaint, not the strength of the plaintiff's evidence. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). In reviewing the trial court's disposition of a Rule 12.02(6) motion to dismiss, an appellate court must "construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). Therefore, the factual allegations contained in the complaint are taken as true, and we review the legal conclusions *de novo* with no presumption of correctness. *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31 (Tenn. 2007); *Trau-Med of Am., Inc.*, 71 S.W.3d at 696-97.

## IV. Analysis

In Tennessee, the Claims Commission has exclusive jurisdiction over specified categories of monetary claims against the State, including but not limited to the "negligent operation or maintenance of any motor vehicle" by a state employee and dangerous conditions on state maintained highways. Tenn. Code Ann. §§ 9-8-307(a)(1)(A), (J). A party bringing a claim against the State "must give written notice of the claimant's claim to the [DCA] as a condition precedent to recovery." Tenn. Code Ann. § 9-8-402(a)(1). The notice must state the circumstances upon which the claim is based including: "[(1)] the state department, board, institution, agency, commission or other state entity that allegedly caused the injury; [(2)] the time and place of the incident from which the claim arises; and [(3)] the nature of the claimant's injury." Tenn. Code Ann. § 9-8-402(a)(2). A claim will be barred unless "the notice is given within the time provided by statutes of limitations applicable by the courts for similar occurrences from which the claim arises." Tenn. Code Ann. § 9-8-402(b). When notice of a claim is filed, the DCA "shall investigate every claim and shall make every effort to honor or deny each claim within ninety (90) days of receipt of the notice." Tenn. Code Ann. § 9-8-402(c). However, as in this case, if the DCA fails to honor or deny the claim within the ninety-

day settlement period, the DCA "shall automatically transfer the claim to the administrative clerk of the claims commission." *Id.* Here, it is undisputed that Mrs. Kampmeyer did not file notice of her loss of consortium claim with the DCA. The question is whether Mrs. Kampmeyer's lack of notice to the DCA was cured by inclusion of her loss of consortium claim in the Claims Commission complaint, which was filed within one year of the accident.

In the complaint filed with the Claims Commission, Mrs. Kampmeyer alleged loss of consortium. It is well-settled that loss of consortium is a distinct claim that is derivative from the original injury suffered by a spouse. *Hunley v. Silver Furniture Mfg. Co.*, 38 S.W.3d 555, 557 (Tenn. 2001) (citations omitted). In *Hunley*, the Tennessee Supreme Court explained that

> we have held, [] that loss of consortium is "'a separate claim from that of an injured spouse.'" *Tuggle* [*v. Allright Parking Systems, Inc.*,] 922 S.W.2d [105,] at 108 (Tenn. 1996) (quoting *Jackson v. Miller*, 776 S.W.2d 115, 117 (Tenn. Ct. App. 1989)). The Court of Appeals has also held that "[t]he right to recover for loss of consortium is a right independent of the spouse's right to recover for the injuries themselves." *Swafford v. City of Chattanooga*, 743 S.W.2d 174, 178 (Tenn. Ct. App. 1987); *see also Tuggle*, 922 S.W.2d at 108 (citing *Swafford* with approval). These cases recognize that a spouse's loss of consortium claim is a distinct cause of action vested solely in the spouse. *See* Tenn. Code Ann. § 25-1-106 (expressly creating wife's right to claim loss of consortium).

*Hunley*, 38 S.W.3d at 557-58. As such, a claim for loss of consortium is a distinct cause of action, separate from the claim of an injured spouse.

As discussed above, Tennessee Code Annotated sections 9-8-402(a)(1)-(3) govern the requirements for lawsuits brought against the State. Specifically, Tennessee Code Annotated section 9-8-402(a)(1) unambiguously requires a claimant to file a notice of claim with the DCA to initiate an action. Tenn. Code Ann. § 9-8-402(a)(1) (requiring that "[t]he claimant must give written notice of the claimant's claim to the division of claims and risk management [DCA] as a condition precedent to recovery"). Similarly, the rules governing the Claims Commission also make clear that, with the exception of claims for recovery of taxes, notice to the DCA serves as the commencement of an action. Tenn. Comp. R. & Regs. 0310-01-01-.01; *see* Tenn. Comp. R. & Regs. 0310-01-01-.01(2)(b) (stating "[a]ll other actions [besides tax claims] are commenced by filing a written notice of claim (see T.C.A. § 9-8-402 for requirements) with the Division of Claims Administration.") (emphasis added)).

Despite the explicit language in Tennessee Code Annotated section 9-8-402(a)(1) and the regulations, Appellants argue that Tennessee Code Annotated section 9-8-

402(a)(5) permits Mrs. Kampmeyer's claim to proceed in the Board of Claims. In relevant part, section 9-8-402(a)(5) provides "[c]laims not within the jurisdiction of the claims commission shall be sent to the board of claims." However, this section does not address the procedure for how a claim would properly be brought before the Claims Commission in the first instance. We note that when the language of a statute is unambiguous, "we must apply its plain meaning without a forced interpretation that would limit or expand the statute's application." *State v. Walls*, 62 S.W.3d 119, 121 (Tenn. 2001); *see **Gleaves v. Checker Cab Transit Corp.***, 15 S.W.3d 799, 803 (Tenn. 2000) (reasoning that "it is not for the courts to alter or amend a statute"). Under the Claims Commission Act, notice is a condition precedent to recovery. Tenn. Code Ann. § 9-8-402(a)(1). Without notice, a claim is barred. Tenn. Code Ann. § 9-8-402(b). Accordingly, Appellants reliance on Tennessee Code Annotated section 9-8-402(a)(5) is misplaced.

Appellants also argue that the holding in **Hunter v. State of Tennessee**, 1993 WL 133240, at *2 (Tenn. Ct. App. 1993), allows a claimant the flexibility to file notice either with the DCA or the Claims Commission. Notwithstanding **Hunter**, we are bound by the binding precedent of the Tennessee Supreme Court in the subsequent case of **Moreno v. City of Clarksville**, 479 S.W.3d 795 (Tenn. 2015), where the Supreme Court analyzed the procedural requirements set out in the Claims Commission Act. In **Moreno**, the Supreme Court explained that "[t]he Claims Commission Act sets forth a structure designed to afford the State ample opportunity to resolve a claim administratively, without the need for a lawsuit." *Id.* at 804 (citing **Brown v. State**, 783 S.W.2d 567, 572 (Tenn. Ct. App. 1989) (Koch, J., concurring) ("Tenn. Code Ann. § 9-8-402(a) [requiring claimants to file written notice of claim with Division of Claims] is intended to make sure that the proper state officials receive notice of the claim to enable them to investigate the matter and to make a prompt administrative disposition of the claim."). Under the Act and the accompanying regulations, "the written notice [to the DCA] and the complaint [filed in the Claims Commission] serve different functions. The written notice triggers a protected 90-day 'settlement period' designed to facilitate the resolution of claims without litigation." *Id.* at 805.

Again, it is undisputed that Mrs. Kampmeyer's loss of consortium claim was omitted from her husband's August 9, 2018 Claim for Damages filed with the DCA. Without notice of Mrs. Kampmeyer's claim, the DCA was not afforded the opportunity to investigate or settle her claim before Appellants filed their complaint with the Claims Commission. Pursuant to Tennessee Code Annotated section 9-8-402(b), a claim is barred "unless the notice is given within the time provided by statutes of limitations applicable by the courts for similar occurrences from which the claim arises." Tenn. Code Ann. § 9-8-402(b). Because Mrs. Kampmeyer failed to file separate notice of her claim with the DCA within one year of the motor vehicle accident, we conclude that Mrs. Kampmeyer's claim is barred. Therefore, the Claims Commission did not err in granting the State's motion to dismiss Mrs. Kampmeyer's loss of consortium claim with prejudice.

## V. Conclusion

The judgment of the Claims Commission is affirmed, and the case is remanded for such further proceedings as are necessary and consistent with this opinion. Costs of the appeal are assessed against the Appellants, Steven Kampmeyer and Melissa Kampmeyer, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE