# IN THE COURT OF APPEALS OF TENNESSEE
## AT MEMPHIS
### February 22, 2006 Session

## IVY JOE CLARK, ET AL. v. JOYCE ANN SHOAF, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 301570-3 T.D.      Karen R. Williams, Judge**

---

### No. W2005-02262-COA-R3-CV - Filed April 4, 2006

---

Husband sued for personal injury damages and Wife claimed damages for loss of consortium. The jury awarded Wife damages in an amount greater than damages awarded to Husband for the underlying personal injury claim. Appellant asserts the award to Wife is inconsistent and unsupportable as a matter of law. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Andrew H. Owens, Memphis, Tennessee, for the appellant Tennessee Farmers Mutual Insurance Companies.

Marvin A. Bienvenu, Jr., Gatti, Keltner, Bienvenu & Montesi, PLC,  Memphis, Tennessee, for the Appellees, Ivy Joe Clark and Vicky Clark.

### OPINION

This cause of action arises from a motor vehicle accident on April 7, 1998. Plaintiff Ivy Joe Clark (Mr. Clark) was injured when his vehicle was struck from behind by a vehicle operated by Defendant Joyce Ann Shoaf (Ms. Shoaf). In March 1999, Mr. Clark and his wife, Vicky Clark (Ms. Clark; collectively, "the Clarks") filed a complaint against Ms. Shoaf and her husband, James D. Shoaf (Mr. Shoaf)[1] and served a copy on their insurance carrier, Unnamed Defendant Tennessee Farmers Mutual Insurance ("Tennessee Farmers"), asserting an under-insured motorist claim. Mr. Clark alleged personal injuries including permanent injuries;

---

[1]In their complaint, the Clarks alleged Ms. Shoaf operated the vehicle under the Family Purpose Doctrine with the knowledge and consent of Mr. Shoaf. Mr. Shoaf died during the pendency of this lawsuit and was voluntarily dismissed with prejudice on May 25, 2004.

$20,000 in medical bills; permanent loss of income of over $20,000 per year; and pain and suffering as a result of the accident. He sought damages in the amount of $500,000. Ms. Clark alleged loss of consortium and sought damages in the amount of $250,000.

The matter was heard by a jury in May 2004. Although liability was not disputed, the amount of damages was hotly contested. The jury awarded Mr. Clark damages in the amount of $20,000. It awarded Ms. Clark damages in the amount of $30,000 for loss of consortium. Tennessee Farmers moved the trial court for a new trial on the grounds that the jury's award was inconsistent where the award to Ms. Clark for loss of consortium exceeded the damages awarded to Mr. Clark for personal injury.[2] The trial court denied the motion, and Tennessee Farmers filed a timely notice of appeal. We affirm.

### *Question Presented*

Tennessee Farmers raises one issue for this Court's review:

Did the trial court err in refusing to grant a new trial for reason that the jury verdict was internally inconsistent?

### *Analysis*

The issue presented for our review is, essentially, a question of the applicable standard of review. Ms. Clark asserts the jury award must be affirmed as supported by material evidence. Tennessee Farmers, on the other hand, asserts the jury's award of damages in the amount of $30,000 to Ms. Clark for loss of consortium must be overturned as a matter of law as inconsistent with the jury's award of damages in the amount of $20,000 to Mr. Clark. Tennessee Farmers asserts that where an award of damages for loss of consortium is greater than damages awarded for the underlying personal injury, our standard of review on appeal is not whether material evidence supports the jury's award, but whether the award is insupportable as a matter of law as internally inconsistent. Tennessee Farmers asserts that there is no logical basis for an award of damages to Ms. Clark for loss of consortium in excess of damages awarded to Mr. Clark for the underlying claim, and that the award must be based on inconsistent findings. Finally, Tennessee Farmer's also asserts that the award is inconsistent where Ms. Clark has demonstrated no special needs justifying a loss of consortium award exceeding the damages awarded to Mr. Clark.

---

[2]There is nothing in the record to indicate that Tennessee Farmers moved the court for remittitur.

Tennessee law does not support Tennessee Farmers' assertions. Ms. Clark's action for loss of consortium is derivative in that it originates from or owes its existence to Mr. Clark's claim for personal injuries. *See Hunley v. Silver Furniture Mfg. Co.*, 38 S.W.3d 555, 557 (Tenn. 2001). However, a loss of consortium claim is separate from the original claim for personal injuries. *Id.* (citations omitted). A spouse's "right to recover for loss of consortium is a right independent of the [other] spouse's right to recover for the injuries themselves." *Id.* (quoting *Swafford v. City of Chattanooga*, 743 S.W.2d 174, 178 (Tenn. Ct. App.1987)). It is a distinct cause of action. *Id.* (citing Tenn. Code Ann. § 25-1-106, expressly creating wife's right to claim loss of consortium). Thus, a spouse's award of damages for loss of consortium may be reduced by the injured spouse's comparative fault. *Id.* If a jury's award is supported by any material evidence, we must affirm the judgment. Tenn. R. App. P. 13(d). The material evidence standard is equally applicable to damages awarded for loss of consortium. *See Davidson v. Lindsey*, 104 S.W.3d 483, 493 (Tenn. 2003)(affirming jury's award to decedent's estate for decedent's pecuniary contributions to decedent's family in the form of personal services, such as cooking and housekeeping, and the value of decedent's consortium as supported by material evidence).

Moreover, Tennessee Farmer's assertion that the jury's award is inconsistent where Ms. Clark has demonstrated no special need for Mr. Clark's services is commensurate to asserting that the award is not supported by the evidence. Tennessee Farmer's does not argue that an award of damages for loss of consortium can never be greater than damages awarded to the plaintiff in the underlying cause of action. Rather, it argues that, in such a case, the plaintiff seeking damages for loss of consortium must demonstrate some especially great reliance on the plaintiff in the underlying action in order to justify damages in excess of those awarded for the underlying injury. Rephrased, this argument amounts to an assertion that the damages award must be supported by material evidence of the loss of consortium damages.

Tennessee Farmers cites one unreported case from Connecticut in support of its argument that the jury verdict in the present case must be set aside. In *Blake v. Neurological Specialists*, the appellant argued, *inter alia*, that the trial court erred by denying its motion for remittitur because the jury could not reasonably have awarded $2 million in non-economic loss of consortium damages where that award was more than twice the amount awarded for wrongful death. *Blake v. Neurological Specialists*, No. (X02)CV940155265S, 2003 WL 21235295, at *3 (Conn. Super. May 9, 2003). The *Blake* court concluded that appellant's motion for remittitur should have been granted because the loss of consortium award was so excessive as to "shock[] the sense of justice as to compel the conclusion that the jury was influenced by . . . mistake." *Id.* at *8 (quoting *Gaudio v. Griffin Health Servs. Corp.*, 249 Conn. 523, 551(1999)). The jury's award of loss of consortium damages in the amount of $2 million was not supported by the evidence in that case. *Id.* The *Blake* court noted, however, that the determination of damages in a loss of consortium claim was "distinct and different" from the determination of damages in the underlying action. *Id.* at *7.

As the *Blake* court observed, an award of damages for loss of consortium greater than an award of damages in the underlying claim is sustainable where the award is supported by material evidence. *Id.* In the present case, Tennessee Farmers does not assert the jury's award of damages to Ms. Clark is not supported by any material evidence. Further, Tennessee Farmers did not move the trial court for a remittitur, and it does not suggest that the award to Ms. Clark is shocking and can only arise from mistake. Tennessee Farmers asserts only that the award to Ms. Clark must result from inconsistent findings where it exceeds the amount awarded to Mr. Clark. The only "finding" which Tennessee Farmers asserts is inconsistent, however, is the award of damages.

The jury award in this case is a general verdict. In light of all the evidence presented to it, the jury determined Ms. Clark had suffered greater damages than Mr. Clark. We cannot say that no material evidence exists to support the jury award to Ms. Clark.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to Appellant, Tennessee Farmers Mutual Insurance Company, and its surety, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE