IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 16, 2007 Session

## UNION REALTY COMPANY, LTD. d/b/a NORTHGATE SHOPPING CENTER v. FAMILY DOLLAR STORES OF TENNESSEE, INC., ET AL.

Direct Appeal from the Circuit Court for Shelby County
No. CT-004653-005    Robert L. Childers, Judge

No. W2006-01418-COA-R3-CV - Filed November 16, 2007

This dispute arises from a premises liability action filed against Plaintiff property owner Union Realty Company. The trial court determined that Defendant Travelers Property Casualty Company had an obligation to insure Union Realty as a named insured under a public liability contract of insurance issued to Defendant Family Dollar store. Family Dollar and Travelers appeal; we affirm in part, vacate in part, and reverse in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part; Reversed in part; Vacated in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

S. Newton Anderson, Gayle Boyden Lakey and Kimberly Nicole Galloway, Memphis, Tennessee, for the appellant, Family Dollar Stores of Tennessee, Inc.

Bradley E. Trammell and Jay Ebelhar, Memphis, Tennessee, for the appellant, Travelers Insurance Company.

Richard Glassman and Tameka Turner-Perry, Memphis, Tennessee, for the appellee, Union Realty Company, Ltd., d/b/a Northgate Shopping Center.

**OPINION**

In February 1998, Jo A. Parker (Ms. Parker) died as a result of a criminal assault committed in the premises occupied by Defendant Family Dollar Stores of Tennessee, Inc. ("FDS") in the Northgate Shopping Center, which is owned by Plaintiff Union Realty Company, Ltd. ("Union Realty") in Memphis. Ms. Parker was an employee of FDS at the time of the assault, and all claims against FDS arising from her death were settled pursuant to workers compensation insurance. A lawsuit seeking damages for injuries sustained by Ms. Parker ("the

Parker lawsuit") subsequently was filed against Union Reality in the Circuit Court for Shelby County. Plaintiffs in the Parker lawsuit alleged Union Reality knew or should have know of criminal activity in the area, that the attack on Ms. Parker was foreseeable, that Union Reality disregarded the known dangers of criminal activity, and that Union Realty failed to provide security measures at the shopping center.

In August 2000, Union Realty commenced the present action against FDS and its insurance carrier, Travelers Property Casualty Company of America ("Travelers") seeking to enforce a provision for public liability insurance in its lease with FDS. In its complaint, Union Reality alleged the Parker lawsuit arose from incidents occurring wholly in the premises occupied by FDS; that FDS was obligated pursuant to its lease with Union Reality to provide public liability insurance naming Union Realty as an additional insured; that Travelers was FDS's insurer and that, pursuant to the contract for insurance, Union Realty was named as an additional insured; and that Travelers had refused its demand for insurance coverage. Union Realty asserted, "[b]y failing and refusing to defend Union Realty in the personal injury lawsuit, Travelers is in breach of contract. Pleading in the alternative, Plaintiff would show that Defendant, FDS, is in breach of contract for failing to procure adequate insurance as was required by the lease." Union Realty sought an order requiring Travelers to assume its defense in the Parker lawsuit; damages, including attorney's fees, arising from Travelers' refusal to defend; pre-judgment interest; post-judgment interest; other appropriate general relief; and costs. In its answer, Travelers denied that Union Realty was entitled to relief and asserted, in the alternative, that if Union Realty was entitled to insurance coverage, coverage was limited to $500,000 pursuant to the policy of insurance and the lease between Union Realty and FDS. FDS answered and denied that Union Realty was entitled to insurance coverage under the terms of the lease where the Parker lawsuit did not describe a loss occurring in premises occupied by FDS, but sought damages for acts arising solely out of Union Realty's acts or omissions. In July 2005, the trial court entered an order permitting Union Realty to amend its complaint against Travelers to assert a bad-faith denial claim pursuant to Tennessee Code Annotated § 56-7-105. The trial court denied Union Realty's motion to amend its complaint against FDS to add allegations of inducement to breach the contract of insurance.

Following cross motions for summary judgment, the trial court heard the matter in August 2005. At the August hearing, the trial court stated:

> But it appears to me that there is an obligation, and it looks like – it sounds like to me that Family Dollar has complied with the terms of the lease and has acquired this insurance policy of $500,000. . . . It seems to me that Travelers has a duty to defend here.

Travelers subsequently assumed the defense of Union Realty and funded the full settlement in the Parker lawsuit. On September 22, 2005, however, Travelers notified Union Realty that it was reserving its rights under the policy and would not waive any right to appeal the trial court's order.

In November 2005 and January 2006, Union Realty filed revised motions for summary judgment against FDS. In its motions, Union Realty asserted the case was a breach of contract action involving the lease agreement and the contract of insurance; that the actions giving rise to the Parker lawsuit did not occur in the common area of the shopping center but in the premises occupied by FDS; that Travelers has fully funded and settled the underlying Parker lawsuit; that FDS was required to obtain public liability insurance for coverage in the amount of $500,000 pursuant to its lease; that FDS had purchased an insurance policy with a $250,000 "self-retention provision" and had refused to pay the first $250,000 required under the provision; and that "[t]he policy procured by FDS through Travelers is applicable to the loss made the subject of the underlying tort claim, therefore, FDS has a duty to defend and/or indemnify Union Reality by an[d] through the required insurance coverage which was obtained from Travelers." On January 31, 2006, FDS moved to dismiss the action as moot. In its motion, FDS asserted, "Plaintiff's lawsuit against it for breach of contract for failure to procure adequate insurance as required by the lease agreement between them is moot because there is no longer an existing controversy between them" where Travelers had fully funded the settlement of the Parker lawsuit and reimbursed Union Realty for all expenses.

Following a hearing in February 2006, in May 2006 the trial court granted Union Realty's motion for summary judgment as to FDS and Travelers, and denied FDS's motion to dismiss. The trial court incorporated by reference the transcript of the proceedings into its order. The trial court also dismissed with prejudice Union Realty's bad faith claim against Travelers. Travelers' and FDS filed timely notices of appeal to this Court. Following our granting of FDS's motions to enlarge time and to reset oral argument, oral argument was heard by this Court in August 2007. We affirm the trial court's order denying FDS's motion to dismiss. The trial court's award of summary judgment to Union Realty, insofar as it may be perceived as a determination that FDS would have been in breach of the lease had the policy of insurance not provided coverage to Union Realty in the Parker lawsuit, is reversed. To the extent that the trial court's order may be perceived as a declaratory judgment that FDS breached the lease by procuring a contract of insurance that included a deductible in the amount of $250,000, the judgment is vacated.

### *Issues Presented*

The issues presented for our review, as we perceive them, are:

(1) Whether the trial court erred by denying FDS's motion to dismiss Union Realty's motion for summary judgment for mootness.

(2) Whether the trial court erred in awarding summary judgment to Union Realty upon determining the lease between Union Realty and FDS required FDS to obtain insurance coverage against the claims asserted in the Parker lawsuit, and that the insurance procured by FDS fulfilled this obligation.

*Analysis*

We first turn to FDS's assertion that the trial court erred in denying its motion to dismiss for mootness. FDS asserts that, when Union Realty renewed its motion for summary judgment in November 2005 and January 2006, the issues asserted were moot where Travelers had fully funded the settlement in the Parker lawsuit and reimbursed Union Realty for all expenses. It further asserts that the question of whether FDS breached the lease by failing to procure insurance as obligated by the lease was not properly before the court where Union Realty's action was not brought as a declaratory judgment action to construe the parties' obligations under the lease. Additionally, FDS contends that Union Realty has no standing to allege that FDS had failed to reimburse Travelers in the amount of its deductible in the amount of $250,000 under the contract of insurance.

We begin by observing that whether FDS has properly reimbursed Travelers for the amount of its deductible is not properly before this Court where it was not an issue in controversy in the proceedings below. Travelers is a party to this action and has not filed a cross-claim against FDS. Rather, Travelers' position is that it will seek either recovery of amounts paid to Union Realty or payment of the deductible by FDS pending our determinations on appeal.

We next turn to whether the issues in controversy between Union Realty and FDS were rendered moot by Travelers' settlement of the Parker lawsuit and reimbursement of expenses to Union Realty. It is well settled that in order to invoke the jurisdiction of the courts, there must be a genuine and live controversy between the parties which necessitates adjudication of present rights by the court. *Dockery v. Dockery*, 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977). This controversy must remain live throughout the course of litigation, including the appeal process. *Id.* A moot case is one in which the court determines it is no longer necessary as a means to provide the relief to which a party is entitled. *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 617 (Tenn. Ct. App. 1999). In the absence of exceptional circumstances justifying an exception to the mootness doctrine, if a cause of action loses its character as a live controversy, it will be dismissed as moot. *Id.* at 955; *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994).

In its brief to this Court, FDS asserts the settlement by Travelers fully mooted the issues of whether Travelers was in breach of contract when it refused to provide insurance coverage and of whether FDS was in breach of the lease agreement by failing to provide adequate insurance coverage under the lease. FDS asserts "there is no document in the record to suggest that Travelers made this payment to and on behalf of Plaintiff with any type of reservation or contingency." Contrary to this assertion, however, as noted above, the record contains a reservations of rights letter sent by Travelers to Union Realty in September 2005. Travelers has maintained that, although it fully funded the settlement in the Parker lawsuit, in "the absence of an express order of the trial court finding coverage under the Lease Agreement [it] reserved its right to seek reimbursement from Union Realty in the event of a final order ultimately finding Family Dollar has no obligation to provide coverage under the Lease Agreement." Additionally,

-4-

although Union Realty did not file this action as a declaratory judgment action, we note that the pivotal issue in this case was whether FDS and Travelers had an obligation to defend Union Realty under the lease agreement and contract of insurance. Further, although the trial court stated from the bench that it believed Travelers had a duty to defend under the terms of the lease and the insurance contract, it had entered no order to that effect when Union Realty filed its renewed motion. Despite its settlement of the Parker lawsuit, Travelers' reservation of rights kept this controversy alive. We affirm the trial court's denial of FDS' motion to dismiss.

We next turn to the determinative issue of whether the insurance provision in the lease agreement between FDS and Union Realty required FDS to obtain insurance coverage to defend Union Realty in the Parker lawsuit. This issue requires us to construe the terms of the lease agreement between the parties. The interpretation of a contract is a matter of law that we review *de novo* on the record with no presumption of correctness for the determination of the trial court. *Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006). The "cardinal rule" of contract construction is to ascertain the intent of the parties and to effectuate that intent consistent with applicable legal principles. *Frizzell Constr. Co. v. Gatlinburg, L.L.C.*, 9 S.W.3d 79, 85 (Tenn. 1999). When the language of the contract is plain and unambiguous, courts determine the intentions of the parties from the four corners of the contract, interpreting and enforcing it as written. *Int'l Flight Ctr. v. City of Murfreesboro*, 45 S.W.3d 565, 570 (Tenn. Ct. App. 2000).

The lease executed between FDS and Union Realty in December 1983 contains reciprocal, complementary provisions relating to public liability insurance. Paragraph 11(b) of the lease provides:

> Tenant shall maintain insurance against public liability for personal injury or death or damage to property occurring in the demised premises arising out of the use and occupancy thereof by Tenant. Such insurance shall be a single limit policy of $500,000 for personal injury or death and property damage and Landlords shall be named as an additional insured under the policy (except for structural alterations, new construction or demolition operations performed by Landlords).

Paragraph 11(c) provides:

> Landlords shall maintain insurance against public liability for personal injury or death or damage to property arising out of the acts or omissions of Landlords or arising out of the use of the common areas (including without limitation, parking areas, sidewalks, ramps and service areas) in the shopping center. Such insurance shall be with single limit of $500,000 for personal injury or death and for property damage, and Tenant shall be named as an additional insured under the policy.

Thus, the lease required each party to obtain insurance against liability to the public, and to name the other as an additional insured. FDS was required to insure against damages arising from the use and occupancy of its premises; Union Realty was required to obtain insurance against liability for its acts or omissions resulting in damages arising out of the use of the common areas.

Although the parties debate the construction of the term "use and occupancy," the lease clearly anticipates that each party would obtain insurance against liability to the public arising from its own acts or omissions within the areas under its control. Unlike *Anderson v. Bennett*, 834 S.W.2d 320 (Tenn. Ct. App. 1992), where we were required to determine whether the shooting of a child from an automobile constituted "use" of the automobile for the purposes of insurance coverage, this case does not require an interpretation of whether the criminal act undisputedly committed within the FDS premises constitutes an act arising from the use or occupancy of the premises. Rather, it is undisputed that the Parker lawsuit alleged damages arising from the acts or omissions of Union Realty in the common areas under the control of Union Realty. It was, in short, a premises liability action asserting negligence on the part of Union Reality for failing to take proper security measures not within the FDS premises, but in the common areas of the shopping center.

In the trial court, Union Realty asserted that a primary element of its defense in the Parker lawsuit would be causation. At the August 2005 hearing of this matter, counsel for Union Realty asserted,

> [b]ut if we tried the case, if Family Dollar was found to be the cause in fact, then we've triggered everything we need to trigger and we would be entitled to our defense cost because they still had not come forward to indemnify or hold us harmless as to defense costs.

The lease, however, did not require FDS to insure Union Realty against an action for liability arising from Union Realty's alleged negligence with respect to security steps in the common areas of the shopping center.

We disagree with the premise of Union Realty's argument that, if the policy of insurance issued by Travelers was not applicable to the claims asserted in the Parker lawsuit, then FDS was in breach for failing to obtain adequate insurance. The basis for this argument, as asserted in Union Realty's brief to this Court, is that "Ms. Parker's death was unrelated to any portion of Northgate Shopping Center's common areas." We respectfully suggest that this was the determinative question raised in the Parker lawsuit.

We therefore reverse summary judgment in favor of Union Realty, and hold FDS did not breach the lease by failing to obtain insurance as required by the lease where the lease did not require FDS to obtain insurance coverage against a premises liability action brought against Union Realty for damages allegedly sustained as a result of Union Realty's acts or omissions in the common areas. To the extent that the trial court's judgment can be perceived as a

determination that FDS breached the lease where the contract of insurance included a $250,000 deductible, we vacate that determination.

### *Holding*

We affirm the trial court's denial of FDS's motion to dismiss for mootness. In light of the foregoing, summary judgment in favor of Union Realty is reversed insofar as it is predicated on a determination that the lease agreement required FDS to obtain insurance coverage applicable to a premises liability action alleging only the negligence of Union Realty in or around the common areas. To the extent to which the trial court's order is predicated on a determination that FDS breached the lease where the policy of insurance included a $250,000 deductible, the judgment is vacated. Costs of this appeal are taxed to the Appellee, Union Realty Company, Ltd., d/b/a Northgate Shopping Center.

_____
DAVID R. FARMER, JUDGE