IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 21, 2008 Session

## IVY JOE CLARK AND VICKY CLARK, Individually and as Husband and Wife v. JOYCE ANN SHOAF, ET AL.

Direct Appeal from the Circuit Court for Shelby County
No. 301570-3 T.D.     Karen R. Williams, Judge

———————————————

No. W2008-00617-COA-R3-CV - Filed December 15, 2008

———————————————

This dispute concerns the extent to which Appellant/Unnamed Defendant insurance carrier is liable for damages under Plaintiff/Claimant's uninsured/underinsured motorist insurance coverage where Defendant's motor vehicle insurance carrier become insolvent during the pendency of the appeal of the matter. The trial court held Appellant insurance carrier was liable for the judgment rendered in Plaintiff's favor up to the amount of Plaintiff's uninsured motorist coverage. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Andrew H. Owens, Memphis, Tennessee, for the Appellant/Unnamed Defendant, Tennessee Farmers Mutual Insurance Companies.

Marvin A. Bienvenu, Jr., and Steven Rand Walker, Memphis, Tennessee, for the Appellees, Ivy Joe Clark and Vicky Clark.

John I. Houseal, Jr., Monica N. Wharton and Don L. Hearn, Jr., Memphis, Tennessee, for the Appellee/Unnamed Defendant, Tennessee Insurance Guaranty Association.

### OPINION

This dispute has its origins in a 1998 motor vehicle accident in which Plaintiff Ivy Joe Clark (Mr. Clark) was injured when his vehicle was struck from behind by a vehicle operated by Defendant Joyce Ann Shoaf (Ms. Shoaf). This is the second appearance of this matter in this Court.

In March 1999, Mr. Clark and his wife Vicky Clark (Ms. Clark; collectively, "the Clarks") filed an action against Ms. Shoaf[1] in the Circuit Court for Shelby County. Mr. Clark sought damages in the amount of $500,000, and Ms. Clark asserted loss of consortium damages in the amount of $250,000. The Clarks served a copy of their complaint on their insurance carrier, Unnamed Defendant Tennessee Farmers Mutual Insurance ("Tennessee Farmers"), asserting an under-insured motorist claim. *Clark v. Shoaf*, 209 S.W.3d 59, 59-60 (Tenn. Ct. App. 2006).

While the matter was pending in the circuit court, the parties stipulated that the Shoafs "were covered by a liability automobile insurance policy at the time of the accident providing coverage of $25,000" and that "plaintiffs had uninsured motorist coverage at the time of this accident with Tennessee Farmers Mutual Insurance Companies providing uninsured/underinsured motorist coverage of $50,000." The matter was tried before a jury in May 2004. The issue of liability was not disputed at trial, but the question of damages was "hotly contested." *Id.* at 61. The jury award included an award of damages in the amount of $20,000 to Mr. Clark and an award of $30,000 to Ms. Clark for damages resulting from loss of consortium. *Id.* The jury award in the matter was a general verdict. *Id.* at 62.

Tennessee Farmers moved for a new trial, which the trial court denied, and Tennessee Farmers filed a notice of appeal to this Court. *Id.* at 61. On appeal, Tennessee Farmers asserted that the trial court erred in refusing to grant it a new trial because the jury's award of damages was "internally inconsistent" where the jury's award to Ms. Clark for loss of consortium exceeded its award of damages to Mr. Clark. *Id.* at 61. We affirmed, holding that although Ms. Clark's action for loss of consortium originated from Mr. Clark's personal injury claim, it was a distinct cause of action and the jury's award was supported by material evidence. *Id.* at 61-62. Tennessee Farmers applied for permission to appeal to the Tennessee Supreme Court, which denied its application on September 25, 2006. In the meantime, in August 2006, while Tennessee Farmers' application for permission to appeal was pending, the Shoafs' automobile liability insurance carrier, Shelby Insurance Company, was declared insolvent. The Tennessee Insurance Guaranty Association ("TIGA") assumed the responsibilities of the Shelby Insurance Company to the extent provided by Tennessee Code Annotated § 56-12-101, *et. seq.*

On November 8, 2006, Tennessee Farmers tendered a check to the Clarks' legal counsel in the amount of $25,000 which it asserted satisfied its liability under the judgment. On November 21, 2006, the Clarks filed a motion in the circuit court to require Tennessee Farmers to pay the total jury award of $50,000, plus ten percent interest from the date of judgment. In its motion, the Clarks asserted that, during the appeal process, Shelby Insurance Company "filed for bankruptcy and is non-collectible." It asserted that Tennessee Farmers accordingly was liable for the entire $50,000 judgment under the Clark's uninsured motorist coverage.

---

[1]The Clarks filed their original action against Ms. Shoaf and her husband, James D. Shoaf (Mr. Shoaf), asserting Mr. Shoaf was liable under the family purpose doctrine. Mr. Shoaf died during the pendency of the action and was voluntarily dismissed with prejudice in May 2004. *Clark v. Shoaf*, 209 S.W.3d 59, 61 n. 1 (Tenn. Ct. App. 2006).

In March 2007, Tennessee Farmers filed a Rule 60 motion for entry of satisfaction of the judgment and other related relief. In its motion, Tennessee Farmers asserted that the Clarks had failed to execute on the judgment against the named Defendants or to require a bond to stay execution pursuant to Rule 62.05. It further asserted that its November 8 tender of payment in the amount of $25,000 satisfied its obligations, and that "[a]dditional funds are available to the plaintiff from the Tennessee Insurance Guaranty Association after the plaintiffs have exhausted their 'rights' under their policy with Tennessee Farmers." Tennessee Farmers argued that its obligation was "determined and fixed as of the entry of the Order on Jury Verdict on July 26, 2004." In their response to Tennessee Farmers' Motion, the Clarks asserted that Tennessee Farmers assertion was "remarkable" where Tennessee Farmers had sought a new trial on the issue of damages both in the trial court and through the appellate process. They further asserted that Tennessee Farmers had "prohibited payment of the $25,000 policy limits" by Shelby Insurance Company by refusing to waive its subrogation interest and allow the Clarks to accept the liability insurance limits. It asserted that, under Tennessee Code Annotated § 56-7-1201(d), Tennessee Farmers was liable for the judgment up to the amount of the Clarks' policy limit where no sums were "collectible" from the Shoafs' liability carrier.

In December 2006, counsel for unnamed Defendant Shelby Insurance Company filed a notice of appearance. In May 2007 the TIGA, which assumed responsibility for Shelby Insurance Company in the lawsuit under Tennessee Code Annotated § 56-12-101, *et. seq.*, filed its response to Tennessee Farmers' Rule 60 motion. In its response, the TIGA asserted that it was a "guarantor of last resort" under the statutes, and that the Clark's uninsured motorist coverage with Tennessee Farmers in the amount of $50,000 must be exhausted before TIGA would have any obligation for "covered claims." The TIGA also asserted that it was not obligated to pay the loss of consortium claim.

Following a hearing on May 18, 2007, in February 2008 the trial court entered an order denying Tennessee Farmers' Rule 60 motion and granting the Clarks' motion to require Tennessee Farmers to pay the judgment plus interest. The trial court determined Tennessee Farmers was obligated to pay the entire jury award of $50,000, the limit of the Clarks' coverage under their uninsured motorist policy. The trial court also determined Tennessee Farmers was liable for interest in the amount of ten percent per annum on the $50,000 jury award from May 27, 2004, the date of the jury award, to November 8, 2006, when Tennessee Farmers tendered $25,000 to the Clarks, and on the remaining $25,000 from November 8, 2006, forward. Tennessee Farmers filed a timely notice of appeal to this Court.

### Issue Presented

Tennessee Farmers presents the following issue for our review:

Did the trial court err in denying Tennessee Farmers['] Tennessee Rules of Civil Procedure 60 motion for entry of satisfaction of judgment and other related relief and in granting plaintiff[s'] [m]otion to require underinsured/uninsured motorist carrier to pay judgment plus 10% interest, resulting in 1) making Tennessee Farmers liable

for the entire $50,000 jury verdict and 2) requiring that Tennessee Farmers pay judgment interest on the entire jury verdict of $50,000 from the date of the jury verdict (May 27, 2004) and judgment interest on $25,000 from November 8, 2006 forward?

The issues as we perceive them are:

(1) Whether, under the uninsured motor vehicle statutes, Tennessee Farmers is liable for the entire amount of damages awarded to its insured, up to the limits of the policy of insurance, where the named Defendants' insurance carrier became insolvent during the pendency of Tennessee Farmers' appeal; and

(2) Whether the trial court erred in its award of post-judgment interest.

### *Standard of Review*

The issues presented for our review are issues of law. We review the trial court's conclusions on matters of law *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

### *Liability for Damages*

The facts relevant to our analysis of the issues presented are not disputed. When this matter was tried in May 2004, the issue of liability was stipulated and only the amount of damages was contested. The parties stipulated that, at the time of the accident and trial of this matter, the Clarks had uninsured/underinsured[2] motorist coverage in the amount of $50,000 with Tennessee Farmers and that the Shoafs had liability coverage in the amount of $25,000 with Shelby Insurance Company. The jury awarded the Clarks damages in the amount of $50,000, and the jury verdict was a general verdict for damages which did not apportion liability. The trial court denied Tennessee Farmers' motion for a new trial, and Tennessee Farmers appealed. This Court affirmed, and the Supreme Court denied Tennessee Farmers' application for permission to appeal. In the meantime, during the pendency of Tennessee Farmers' appeal, Shelby Insurance Company was declared insolvent, and the Shoafs' liability coverage became uncollectible. Thus, the gravamen of the question before the trial court and this Court is whether, under the uninsured motorist statutes, Tennessee Farmers' is liable for the entire judgment up to the limits of the Clarks' policy of insurance where the Shoafs' liability coverage became uncollectible during the pendency of Tennessee Farmers' appeal. We agree with

---

[2]The definition of an "uninsured motor vehicle" contained in Tennessee Code Annotated § 56-7-1201, *et seq.*, includes an under-insured motor vehicle. *Seymour v. Sierra*, 98 S.W.3d 164, 166 (Tenn. Ct. App. 2002); *Albin v. Memphis*, 1988 WL 87540, at *2 (Tenn. Ct. App. Aug. 24 1988)(holding that the statutory definition of uninsured motor vehicle includes an under-insured vehicle and that, following the 1982 amendments to § 56-7-1202, an insurer was no longer permitted to include language in its policies of insurance that would modify the statutory definition of "uninsured motor vehicle").

the trial court that Tennessee Farmers is liable for the entire judgment rendered in favor of its insured up to the policy limits.

Tennessee Farmers' argument on appeal is that "its liability was determined and fixed as of the entry of the Order on Jury Verdict on July 26, 2004." Tennessee Farmers asserts,

> [i]ndeed, implicit in the trial court's ruling that Tennessee Farmers is obligated back to the date of the jury verdict, is that Tennessee Farmers' obligation was determined at that time. At that time, it was stipulated that Joyce and James Shoaf had liability insurance of $25,000 and there were no coverage problems.

Tennessee Farmers further asserts that, under Rule 62 of the Tennessee Rules of Civil Procedure, the trial court's judgment was not automatically stayed by its filing of a notice of appeal, and that the Clarks could and should have executed the judgment against Shelby Insurance Company before it became insolvent.

We begin our analysis by observing that the judgment rendered in this case resulted from a general jury verdict in favor of the Clarks. Neither the jury verdict nor the trial court's judgment on the verdict apportioned liability. The judgment merely awarded damages in the amount of $20,000 to Ivy Joe Clark and damages in the amount of $30,000 to Vicky Clark. In its motion for a new trial Tennessee Farmers challenged the verdict, arguing that a new trial was justified because the jury verdict was "inconsistent" where the jury's award to Ms. Clark for loss of consortium exceeded its award for bodily injury damages to Mr. Clark. Upon denial of its motion by the trial court, Tennessee Farmers reiterated its demand for a new trial on appeal to this Court and in its application for permission to appeal to the supreme court. Thus, the entire lawsuit in this case, including the issues raised by Tennessee Farmers on appeal, was predicated on the question of the amount of damages. Had Tennessee Farmers been successful on appeal, a new trial may have resulted in a different damage award. Tennessee Farmers' assertion that the amount of its liability was unalterably determined when the trial court entered its judgment on the jury verdict in July 2004 is, we believe, internally inconsistent.

Additionally, to the extent to which Tennessee Farmers asserts that the litigation was concluded when the trial court entered its July 2004 argument, its argument is without merit. Certainly, the trial court's judgment awarding damages in the amount of $50,000 to the Clarks was a "final order" for the purpose of appellate jurisdiction under Rule 3 of the Tennessee Rules of Appellate Procedure. However, the controversy between the parties remained alive during the appellate process. Had it been otherwise, this Court would have been without authority to adjudicate the appeal. *Union Reality Co. v. Family Dollar Stores of Tenn., Inc.*, 255 S.W.3d 586, 590 (Tenn. Ct. App. 2007)(citations omitted). The course of litigation includes the appeal process. *Id.* In the absence of narrow policy exceptions, a lawsuit that loses its character as a live controversy will be dismissed as moot. *Id.* The trial court's July 2004 order fixed only the amount of damages to be awarded to the Clarks; it was this amount which Tennessee Farmers asserted as error on appeal.

Tennessee Farmers' reliance on Rule 62, moreover, is misplaced. Tennessee Farmers cites *Underwood v. Liberty Mutual Insurance Co.*, 782 S.W.2d 175 (Tenn. 1989), for the proposition that because the trial court's judgment was not stayed under Rule 62, the Clarks should have enforced the judgment against the Shoafs up to the limits of their liability policy with Shelby Insurance Company, and that their failure to do so absolves Tennessee Farmers of liability for the entire judgment. We do not believe *Underwood* stands for this proposition. In *Underwood*, the supreme court observed that, prior to the enactment of Rule 62, "'perfecting' the appeal operated as an automatic supersedeas in most cases." *Underwood*, 782 S.W.2d at 177 (citations omitted). The court noted that, under Rule 62, "judgments may continue to be enforced pending an appeal unless a stay is ordered in the trial court." *Id.* at 177, *overruled on other grounds by Bazner v. American States Ins. Co.*, 820 S.W.2d 742 (Tenn. 1991). Rule 62, however, does not require the prevailing party to execute upon a judgment during the pendency of its opponent's appeal. Rule 62.02 provides that "any proceedings to enforce a judgment shall also be stayed pending and for 30 days after entry of . . . [an] order[] . . . denying motion under Rule 59.02 for a new trial." Tenn. R. Civ. P. 62.02. Rule 62.04 provides that the appellant may obtain a stay by giving a bond, and Rules 62.07 and 62.08 empower the courts to stay proceedings upon conditions deemed appropriate.

In the present case, the award of damages was entered against Defendant Shoafs. The Clarks did not appeal the award of damages, and were not required to seek a stay. The Shoafs were undisputedly underinsured in light of the Clarks' claim and the jury verdict, and the appeal in this matter was brought by Tennessee Farmers, which sought to limit or reverse its own obligation to its insured, the Clarks, under their uninsured motorist coverage. Thus the answer to the question of the extent to which Tennessee Farmers is liable for the judgment is found within the uninsured motorist provisions of Title 56 of the Tennessee Code.

Although the record reflects that the parties stipulated as to their insurance coverage at the time of trial, we disagree with Tennessee Farmers that, as a matter of law, it is not liable for amounts which the Clarks may have recovered from the Shoafs' liability insurance carrier had Tennessee Farmers not appealed where the Shoafs were undisputedly under-insured under the statutes and where the Clarks had uninsured/under-insured motorist coverage in the amount of $50,000 under their policy of insurance.[3] There is no dispute in this case regarding coverage under the policy of insurance. Accordingly, we turn to the uninsured motor vehicle statutes to determine whether Tennessee Farmers may be held liable for the entire judgment rendered in favor of its insured where amounts arguably collectible from the tortfeasor's insurance carrier have been rendered uncollectible by insolvency during the pendency of Tennessee Farmers' appeal.

As the supreme court has noted, "[i]n one sense" uninsured motorist coverage places the insured's insurance carrier "in the role of a liability carrier for the uninsured motorist." *Cavalier Ins. Corp. v. Osmet*, 538 S.W.2d 399, 403 (Tenn. 1976). On the other hand, uninsured motorist insurance coverage "does not actually insure the uninsured motorist. It insures the insured and

_____

[3]We note that there is no question in this case that Tennessee Farmers was properly served and had an opportunity to protect its interests at trial.

assures him of some recovery when the other parties do not have liability insurance." *Thompson v. Parker*, 606 S.W.2d 538, 540 (Tenn. Ct. App. 1980). Through the uninsured motorist act, the General Assembly intended to provide "*protection*" to the insured under the insured's own policy of insurance. *Brewer v. Richardson*, 893 S.W.2d 935, 937 (Tenn. 1995)(emphasis in the original).

This protection is not without condition, however. First, the insured must bring suit against the uninsured motorist, and the existence of uninsured motorist coverage must be "excluded as a possible prejudicing factor." *Id.* Second, the insurance company must be served with notice of the action and afforded an opportunity to defend its interest. *Id.*; Tennessee Code Annotated § 56-7-1206 (2008). Providing the statutory requisites are met, the insurance company is bound by a judgment rendered in favor of its insured under the uninsured motorist provisions up to the extent of the policy limits. *Id.* Thus, the uninsured motorist statutes enable an insured who is injured by an uninsured/under-insured motorist "to obtain complete relief" up to the extent of his own insurance coverage. *Griffin v. Shelter Mut. Ins. Co.*, 18 S.W.3d 195, 198 (Tenn. 2000).

However, the statutes do not permit duplicate recovery of benefits. Tennessee Code Annotated §§ 56-7-1205 & 1206(k)(2008); *State Auto Mut. Ins. Co. v. Cummings*, 519 S.W.2d 773, 775 (Tenn 1975). The uninsured motorist insurance carrier is entitled to a credit to offset its liability by any recovery received by the insured from whatever source that would result in a duplication of the amount to be collected under the uninsured motorist coverage. Tennessee Code Annotated § 56-7-1206(k); *Thompson v. Parker*, 606 S.W.2d 538, 540 (Tenn. Ct. App. 1980).

The fact that, at the time of trial, the parties anticipate that some recovery will be had from the tortfeasor's liability carrier does not absolve the uninsured motorist insurance carrier from liability for such amounts should they ultimately prove uncollectible. *See Dockins v. Balboa Ins. Co.*, 764 S.W.2d 529 (Tenn. 1989); *Bolin v. Tenn. Farmers Mut. Ins. Co.*, 614 S.W.2d 566 (Tenn. 1981). [4] In *Bolin*, the supreme court addressed whether, despite the general rule imposed by statute that a claimant may not file an action against his uninsured motorist insurance carrier after obtaining a judgment in a separate action against the tortfeasor, such an action could be maintained under the unique circumstance presented in that case. *Bolin*, 614 S.W.2d at 569. In that case, although the uninsured motorist insurance carrier was not served with notice under section 56-12-1206, it had actual notice of the claim filed by its insured against the tortfeasor, and had defended its insured against a third-party complaint filed in the action. *Id.* at 567-68. After the matter was litigated, the claimant discovered that the tortfeasor's liability carrier had defended the tortfeasor under a reservation of rights. *Id.* The tortfeasor's liability carrier denied coverage, and claimant sought recovery from his uninsured motorist insurance carrier. The *Bolin* court carved out a narrow exception to the notice requirement where the insurance carrier had actively participated in the litigation and, therefore, was not prejudiced by the lack of notice. *Griffin v. Shelter Mut. Ins. Co.*, 18 S.W.3d 195, 201 (Tenn. 2000)(holding strict application of statutory notice requirements does not violate public policy); *Bolin*, 614 S.W.2d at 569.

---

[4]We emphasize that neither fraud, collusion, nor any wrong-doing or questionable motive on the part of the insured were alleged in either the cases cited or the case currently before us.

-7-

Analyzing the question under the definition of "uninsured motor vehicle" provided by section 56-7-1202 as it existed prior to amendments of 1982,[5] the *Bolin* court held that the statute "embrace[d]" a situation in which an insured claimant proceeded against a tortfeasor who appeared to be insured at the time the matter was litigated, but "discover[ed] at some point [after the conclusion of litigation] that the liability insurance carrier [could not] respond to the claim." *Id.* at 658. The *Bolin* court observed that "it is obvious" that, in some circumstances, an uninsured motorist insurance carrier could become "subject to a claim under [the] statutes at a fairly late stage" of litigation. *Id.* at 658. For example, where the tortfeasor's liability insurance carrier is unable to make payment because of insolvency. *Id.* (quoting Tennessee Code Annotated § 65-7-1202(1980)).

Clearly, the statutes as they existed prior to the 1982 amendments anticipated the situation present in this case, where the tortfeasor's liability carrier becomes insolvent during the course of litigation. In 1982, the General Assembly amended the section to provide:

> For the purpose of this coverage, the term "uninsured motor vehicle" means a motor vehicle whose ownership, maintenance, or use has resulted in the bodily injury, death, or damage to property of an insured, and for which the sum of the limits of liability available to the insured under all valid and collectible insurance policies, bonds, and securities applicable to the bodily injury, death, or damage to property is less than the applicable limits of uninsured motorist coverage provided to the insured under the policy against which the claim is made.

*Dockins v. Babloa Ins. Co.*, 764 S.W.2d 529, 531 (Tenn. 1989)(quoting Tennessee Code Annotated § 56-7-1202 (Supp. 1982)).[6] The 1982 amendment to the section did not, however, preclude recovery of a judgment rendered in favor of an insured under a policy of uninsured motor vehicle coverage where the tortfeasor's liability carrier becomes insolvent during the course of litigation where, as in the present case, the uninsured motor vehicle insurance carrier was properly served with notice and had the opportunity to defend the action. *See id.* at 532. In *Dockins*, the supreme court

---

[5]Tennessee Code Annotated § 56-7-1202(1980) provided:

For the purpose of this coverage the term "uninsured motor vehicle" shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limit specified therein because of insolvency.

[6]The section as subsequently amended provides, in relevant part:

For the purpose of uninsured motor vehicle coverage, "uninsured motor vehicle" means a motor vehicle whose ownership, maintenance, or use has resulted in the bodily injury, death, or damage to property of an insured, and for which the sum of the limits of liability available to the insured under all valid and collectible insurance policies, bonds, and securities applicable to the bodily injury, death, or damage to property is less than the applicable limits of uninsured motorist coverage provided to the insured under the policy against with the claim is made[.]

Tennessee Code Annotated § 56-7-1202(a)(1)(2008).

addressed whether the 1982 amendments to the statute invalidated household exclusions contained in an uninsured motorist policy. The *Dockins* court held that they did not. *Id.* at 533.

Although the *Dockins* court held that the 1982 amendments did not transform the requirements of uninsured motorist coverage so as to mandate "broad coverage[] amounting . . . to personal injury protection," the court's analysis of section 56-7-1202 in reaching its holding is, we believe, instructive in the present case. In its discussion of the 1982 amendments, the *Dockins* court noted that the term "uninsured motor vehicle" was not defined comprehensively in the original uninsured motorist coverage statutes. *Id.* at 532. The court noted that the 1982 amendments to the statutory language eliminated the "partial definitions" contained in earlier versions of the statute and "require[d] coverage by the insured's own insurer when funds to which [the insured] is entitled from other policies, bonds, and securities cannot be collected." *Id.* The court noted that "collectibility" was also referenced in section 56-7-1201. The *Dockins* court determined that the definition of "motor vehicle" adopted in the 1982 amendment, which is substantively identical to the current definition, "combined" the two categories of "insolvency" and "underinsured," making collectibility from the defendant the primary consideration. *Id.*

The inability to collect from an insolvent insurer constituted an original definition of uninsured motor vehicle under the statutes. This definition was not eliminated, but "combined" with underinsured in the subsequent amendments. *Id.* The question of "collectibility" from an insolvent liability carrier is precisely the question presented by this case. The Clarks undisputedly had uninsured/under-insured motorist coverage in the amount of $50,000 with Tennessee Farmers, which was properly served and actively defended this claim. The Shoafs undisputedly were under-insured. Despite the presumed availability of the Shoafs' liability coverage amounts to offset Tennessee Farmers' liability under the Clarks' policy of insurance when this matter was tried by the jury in the trial court, those offset amounts became uncollectible when the Shoafs' liability carrier became insolvent during the pendency of Tennessee Farmers' appeal.

This is the coverage protection that the Clarks paid for when they paid the premiums on their insurance policy, including uninsured motorist coverage in the amount of $50,000. The history of the uninsured motorist insurance statutes briefly recited above, coupled with the supreme court's analysis in *Bolin* and *Dockins*, clearly support this conclusion. We affirm the trial court's judgment that Tennessee Farmers is liable for the judgment awarded its insured, the Clarks, up to the limits of the Clarks' uninsured motorist coverage.

### Post-Judgment Interest

We next address Tennessee Farmers' assertion that the trial court erred by awarding the Clarks post-judgment interest on the entire amount of the jury award from the date the verdict was entered until Tennessee Farmers tendered payment in the amount of $25,000 on November 8, 2006, and on the remaining $25,000 award from November 8, 2006, forward. Tennessee Farmers' argument, as we understand it, is that the trial court erred by awarding interest on the entire jury verdict because, when the verdict was entered, Tennessee Farmers' liability was limited to $25,000.

Tennessee Farmers further asserts that, assuming it was obligated to pay post-judgment interest on $25,000 from the date the verdict was entered, the trial court erred by awarding post-judgment interest on the remaining $25,000 from November 8, 2006, forward where its liability for that amount had not been determined in the trial court.

The right to post-judgment interest is based upon a party's entitlement to the use of the proceeds of a judgment. *State v. Thompson*, 197 S.W.3d 685, 693 (Tenn. 2006). Its purpose is "to compensate a successful plaintiff for being deprived of the compensation for its loss between the time of the entry of the judgment awarding the compensation until the payment of the judgment by the defendants. Accordingly, a party who enjoys the use of funds that should have been paid over to another party should pay interest on the retained funds." *Id.* (quoting *Varnadoe v. McGhee*, 149 S.W.3d 644, 649 (Tenn. Ct. App.2004) *perm. app. denied* (Tenn. Oct. 4, 2004)).

The Tennessee Code provides, in pertinent part:

> Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial.

Tennessee Code Annotated § 47-14-122 (2001). The language of this section is mandatory. *Ali v. Fisher*, 145 S.W.3d 557, 565 (Tenn. 2004)(citations omitted). When money is tendered in satisfaction of the judgment, interest no longer accrues on that amount. *See id.* Additionally, the supreme court has stated that "a plaintiff is not required to move for an award of post-judgment interest in the trial court as the issue does not become ripe until the conclusion of the appellate process." *Id.* (citing See Tenn. R. App. P. 41). We accordingly affirm the trial court's award of post-judgment interest in this case.

### *Holding*

In light of the foregoing, we affirm the trial court's denial of Tennessee Farmers' motion to set aside the judgment as satisfied, and affirm its determination that Tennessee Farmers is obligated for the entire judgment rendered in favor of its insured. We also affirm the trial court's award of post-judgment interest. Costs of this appeal are taxed to the Appellant, Tennessee Farmers Mutual Insurance Company, and its surety, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE