IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 7, 2019 Session

## LUCAS D. BOTTORFF ET AL. v. ANNE A. SEARS

**Appeal from the Circuit Court for Williamson County**
**Nos. 2018-185, 217CV3155      James G. Martin, III, Judge**

_____

### No. M2018-01232-COA-R3-CV

_____

After the administrator of an estate obtained a judgment vesting title to real property in the estate, the administrator filed a detainer summons against the decedent's daughter in general sessions court seeking possession of the property. The general sessions court determined that the estate was entitled to possession of the property, and the decedent's daughter appealed to the circuit court. The circuit court granted possession of the property to the estate and ordered the decedent's daughter to vacate the premises within thirty days. The decedent's daughter appealed, and we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Anne A. Sears, Franklin, Tennessee, pro se.

Lucas D. Bottorff, Brentwood, Tennessee, pro se.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

Anne A. Sears resided with her mother, Sally Sears ("Decedent"), at 1019 Boxwood Drive, Franklin, Tennessee (the "Boxwood Property") for approximately twelve years. Following Decedent's death in July 2016, Ms. Sears continued living at the Boxwood Property, and a dispute arose between Decedent's estate and Ms. Sears regarding ownership of the property.[1] The administrator of the estate, Lucas D. Bottorff,

_____

[1] Ms. Sears claimed that Decedent transferred title to the Boxwood Property to her in exchange for caregiving services Ms. Sears provided to Decedent.

filed suit against Ms. Sears in the chancery court for Williamson County on December 7, 2016, seeking to recoup certain assets allegedly belonging to the estate, including the Boxwood Property. After hearing the matter, the chancery court entered an order on May 31, 2017, vesting title to the Boxwood Property in the estate.[2] Ms. Sears appealed the chancery court's judgment and continued living at the Boxwood Property.

On November 13, 2017, while Ms. Sears's appeal of the chancery court's decision was still pending,[3] Mr. Bottorff initiated this lawsuit by filing a detainer summons in the general sessions court for Williamson County seeking possession of the Boxwood Property. In an order entered on April 16, 2018, the general sessions court found that Ms. Sears had failed to obtain a stay of the chancery court's judgment, granted possession of the Boxwood Property to the estate, and ordered Ms. Sears to vacate the premises within ten days. Ms. Sears appealed the general sessions court's decision to the circuit court for Williamson County. The circuit court heard the matter on May 25, 2018, and in an order entered on June 7, 2018, granted possession of the Boxwood Property to the estate. The court then ordered Ms. Sears to vacate the property within thirty days. Ms. Sears appealed.

STANDARD OF REVIEW

The only issue on appeal involves the subject matter jurisdiction of the general sessions court and the circuit court.[4] Subject matter jurisdiction concerns a court's authority to adjudicate a particular case or controversy. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). A court obtains subject matter jurisdiction from either a statute or a constitutional provision. *First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001). It cannot be conferred on a court by the conduct or agreement of the parties. *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006). A judgment entered by a court lacking subject matter jurisdiction is void. *First Am. Trust Co.*, 59 S.W.3d at 141. Therefore, we must vacate a trial court's judgment and dismiss the case if we determine the court lacked subject matter jurisdiction. *Id.*

---

[2] The chancery court concluded that Ms. Sears breached a fiduciary duty she owed to Decedent by transferring title to the Boxwood Property to herself by using her authority as Decedent's attorney-in-fact pursuant to a power of attorney. *Bottorff v. Sears*, No. M2017-01363-COA-R3-CV, 2018 WL 3574745, at *1 (Tenn. Ct. App. July 25, 2018) (perm. app. denied Tenn. Dec. 6, 2018). Thus, the chancery court declared the quit claim deed transferring title to Ms. Sears void *ab initio*. *Id.*

[3] This Court affirmed the chancery court's judgment on July 25, 2018. *Bottorff*, 2018 WL 3574745, at *7. On January 7, 2019, the Tennessee Supreme Court entered an order recalling the mandate pending Ms. Sears's appeal to the United States Supreme Court.

[4] In his appellate brief, Mr. Bottorff asserted a mootness argument, but he abandoned it during oral argument.

- 2 -

Whether a court has subject matter jurisdiction "depends on the nature of the cause of action and the relief sought." *Id.* at 140. If a court's subject matter jurisdiction is challenged, the first step is to "ascertain the nature or gravamen of the case." *Staats*, 206 S.W.3d at 542. Second, the court must "determine whether the Tennessee Constitution, the General Assembly, or the common law have conferred on it the power to adjudicate cases of that sort." *Id.* A determination regarding the existence of subject matter jurisdiction presents a question of law that we review de novo without a presumption of correctness. *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 446 (Tenn. 2012).

ANALYSIS

As a preliminary matter, we note that Ms. Sears is a pro se litigant. This court has stated the following principles about pro se litigants:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (citations omitted); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct App. 2003). Additionally, we allow pro se litigants some latitude in preparing their briefs and endeavor to "give effect to the substance, rather than the form or terminology," of their court filings. *Young*, 130 S.W.3d at 63.

On appeal, Ms. Sears argues that both the general sessions court and the circuit court lacked subject matter jurisdiction to adjudicate this detainer action. Tennessee Code Annotated section 16-15-501(d)(1) provides that the general sessions courts "shall have unlimited original jurisdiction" to adjudicate "cases of forcible entry and detainer." *See also Fletcher Bright Co. v. Darr*, No. 03A01-9308-CV-00277, 1994 WL 71211, at *2 (Tenn. Ct. App. Mar. 9, 1994) (stating that Tenn. Code Ann. § 16-15-501(d)(1) gives the general sessions courts unlimited jurisdiction in cases involving unlawful detainer). Thus, the Tennessee General Assembly has conferred subject matter jurisdiction to general sessions courts to adjudicate detainer actions. Additionally, the General Assembly has conferred circuit courts with subject matter jurisdiction to adjudicate appeals of decisions from general sessions courts in detainer actions. *See* Tenn. Code Ann. § 27-5-108(a)(1) (providing that "[a]ny party may appeal from a decision of the general sessions court to the circuit of the county within a period of ten (10) days on

complying with this chapter"); s*ee also* Tenn. Code Ann. § 29-18-128 (stating that "[a]n appeal will also lie in suits commenced before general sessions judges, under this chapter [*i.e.*, forcible entry and detainer], within the ten (10) days allowed by § 27-5-108").

In contradiction of the foregoing statutes that specifically confer subject matter jurisdiction upon general sessions courts and circuit courts to adjudicate detainer actions such as the one at bar, Ms. Sears contends that the general sessions court and the circuit court lacked subject matter jurisdiction in this detainer action because it is related to the chancery court's decision discussed above. She argues that subject matter jurisdiction vested solely in this court to hear any matters related to the chancery court's decision when she timely filed her notice of appeal in that case.

Generally, the timely filing of a notice of appeal will divest a trial court of subject matter jurisdiction and vest jurisdiction in the appellate court. *Waters v. Ray*, No. M2006-01453-COA-R3-CV, 2008 WL 2557360, at *4 (Tenn. Ct. App. June 25, 2008). The enforcement of judgments, however, is an exception to this principle. In accordance with Tenn. R. Civ. P. 62, "judgments may continue to be enforced pending an appeal unless a stay is ordered by the trial court." *Underwood v. Liberty Mut. Ins. Co.*, 782 S.W.2d 175, 177 (Tenn. 1989), *overruled on other grounds by Bazner v. Am. States Ins. Co.*, 820 S.W.2d 742 (Tenn. 1991); *see also Clark v. Shoaf*, 302 S.W.3d 849, 855 (Tenn. Ct. App. 2008). Tennessee Rule of Civil Procedure 62.01 provides for an automatic 30-day stay of a trial court's judgment except in certain situations that are not applicable here. If an appellant wants to prevent enforcement of a judgment pending appeal after expiration of the automatic stay, he or she must obtain a stay by giving a bond. TENN. R. CIV. P. 62.04; *see also* TENN. R. CIV. P. 62.05 (providing the bond requirements).

The record on appeal shows that, following the expiration of the automatic stay of the chancery court's April 16, 2017 judgment, Ms. Sears failed to obtain a stay pending appeal. Thus, the judgment became enforceable on May 15, 2017. It remained enforceable when Mr. Bottorff sought to enforce the judgment on November 13, 2017, by filing a detainer summons in the general sessions court and when Ms. Sears appealed to the circuit court. In light of the foregoing, we conclude that the trial court had subject matter jurisdiction to adjudicate this detainer action.

CONCLUSION

The judgment of the circuit court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Anne A. Sears, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE