**STATE of Tennessee, Appellee,**

v.

**Timothy KING, Appellant.**

Supreme Court of Tennessee,
at Nashville.

June 28, 1982.

Charles R. Ray, Barrett & Ray, P. C., Michael J. Passino, Barrett & Ray, P. C., Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, John C. Zimmerman, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

FONES, Justice.

The sole issue in this case is the constitutionality of T.C.A. § 52–1432(d), the habitual drug offender law that was enacted in 1979.

Defendant was indicted on six counts, each of which charged a separate offense of the sale of cocaine, a Schedule II drug on January 17, February 2, February 7, February 19, April 5, and May 3, 1980. A seventh count of the indictment listed those same six offenses as overt acts constituting the offense of habitual drug offender.[1]

Defendant pled guilty reserving the right to contest the constitutionality of T.C.A. § 52–1432(d). The statute prohibits conviction upon any of the separate offenses that are used to procure conviction of the habitual drug offender offense, so the first six counts of the indictment were dismissed after defendant's plea of guilty was entered to the seventh count charging the habitual drug offense.

In *State v. Hinsley*, 627 S.W.2d 351 (Tenn.1982), defendant attacked the constitutionality of the habitual drug offender law on numerous grounds, all of which were considered, discussed and overruled. The opinion in that case was released on February 5, 1982, and defendant King's case was argued on February 9, 1982. King's grounds of constitutional attack were dealt

---

1. All seven counts of the indictment were in compliance with the requirements of T.C.A. § 52–1432(d)(3) which reads as follows:

    The indictment for a violation of this subsection shall charge that the defendant is a habitual drug offender, and the separate transaction shall be listed as overt acts within the same count. Nothing herein shall prohibit additional courts charging the overt acts as separate and additional offenses; provided, that the jury shall find the defendant guilty of either one or more overt acts as separate offenses or as a habitual drug offender but not both. The state shall not be required to elect submission to the jury of the several counts.

with and rejected in *Hinsley* and his counsel sought and was granted permission to file a supplemental brief.

■ The points asserted by defendant in his supplemental brief, not raised in *Hinsley*, are that the statute amounts to a mandatory joinder statute that abrogates the rules governing severance, impinges on the right against self-incrimination and circumvents the rules governing the admissibility of other crime evidence. In addition, defendant asserts a catch-all, that even if none of the above violates his constitutional rights, the cumulative effect upon those rights violates his right to a fair trial.

Defendant did not move the trial court to sever any of the six overt acts upon the ground that his Fifth Amendment rights were violated because of the need to testify on one of the overt acts and to remain silent on another, or upon any other ground. In short, since there was no trial and no assertion of the statute's alleged infirmities in concrete fact situations, defendant's assault upon the constitutionality of the statute must necessarily be limited to facial constitutional defects.

■ There is nothing in the face of the statute itself that explicitly or implicitly excludes the exercise of a defendant's Fifth Amendment right to remain silent or his right to testify. We do not have before us a fact situation wherein that right has been asserted in the trial court and allegedly impinged upon by a ruling of the trial judge. It is not a proper function of a Court of last resort to envision in advance of application all possible contingencies of attempted prosecution under a criminal statute, and declare which are constitutional and which are not. *See Watson v. Buck*, 313 U.S. 387, 402, 61 S.Ct. 962, 967, 85 L.Ed. 1416 (1941).

The principle that adjudications of constitutionality of statutes must await specific factual backgrounds, absent facial infirmity, was succinctly expressed in two United States Supreme Court opinions, as follows:

"Constitutional questions are not to be dealt with abstractly." *Bandini Petroleum Company v. Superior Court*, 284 U.S. 8, 22, 52 S.Ct. 103, 108, 76 L.Ed. 136 (1931).
"For if we are to avoid rendering a series of advisory opinions, adjudication of the reach and constitutionality of section 215(b) [2] must await a concrete fact situation." *Zemel v. Rusk*, 381 U.S. 1, 20, 85 S.Ct. 1271, 1282, 14 L.Ed.2d 179 (1965).

Defendant admits that neither this Court nor the United States Supreme Court has ever held that errors involving severance or joinder are of constitutional dimension.

We do not agree with defendant's conclusory statement that the statute circumvents judicially imposed standards for the admissibility of other crime evidence. However, if we assume that to be the effect of the statute, no constitutional right of a defendant would be abrogated and the legislative power to declare as elements of the offense of habitual drug offender, a series of similar overt acts involving the sale of drugs, supersedes the judicial power to exclude other crime evidence in those circumstances.

The conviction is affirmed.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ., concur.

**2.** A section of the Immigration and Nationality Act of 1952. 8 U.S.C. § 1185(b).