IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 27, 2021 Session

## CEDARIUS M. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Shelby County**
**No. CT-3297-20     Rhynette N. Hurd, Judge**
_____

### No. W2020-01594-COA-R3-JV
_____

The appellant is a minor who was charged with a serious crime. After the state notified the appellant of its intent to seek transfer of the appellant for prosecution as an adult, the appellant asked for an in-person transfer hearing. The juvenile court denied the motion, citing the ongoing COVID-19 pandemic. The appellant then filed a petition for a writ of certiorari in the circuit court, which was denied. On appeal, the appellant contends that the juvenile court's order violates various constitutional protections that he should be afforded under the circumstances. But the parties now agree that transfer hearings are taking place in-person in the Shelby County Juvenile Court. Because we conclude that this appeal is now moot and not subject to any recognized exception to the mootness doctrine, we dismiss this appeal.

#### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and CARMA DENNIS MCGEE, JJ., joined.

Glover Wright and Harry E. Sayle, III, Memphis, Tennessee, for the appellant, Cedarius M.

Herbert H. Slatery, III, Attorney General and Reporter; Andrew C. Coulam, Senior Assistant Attorney General, for the appellee, State of Tennessee-Civil.

### OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

In December 2019, Defendant/Appellee the State of Tennessee ("the State") filed a

delinquency petition in Shelby County Juvenile Court ("the juvenile court") against Appellant, Cedarius M., who was then fifteen years old. On January 7, 2020, the State, through the District Attorney General's office, filed a notice of intent to seek transfer of Appellant to criminal court for prosecution as an adult. In March 2020, the Tennessee Supreme Court declared a state of emergency due to COVID-19 in a series of emergency orders. *See generally Adams v. Illinois Cent. R.R. Co.*, No. W2020-01290-COA-R3-CV, 2022 WL 170134, at \*1 (Tenn. Ct. App. Jan. 19, 2022), *no perm. app. filed.* In its March 25, 2020 order, the Tennessee Supreme Court continued the suspension of many in-court proceedings and expressly encouraged court proceedings through electronic means, including telephone, video, and teleconferencing. Then, on April 24, 2020, the Tennessee Supreme Court issued an order granting each judicial district discretion to approve comprehensive written plans governing the conduct of court proceedings. On May 28, 2020, the Tennessee Supreme Court approved the plan submitted by the Thirtieth Judicial District, which provided that juvenile court would "conduct as much business as possible by means other than in-person court proceedings."

On June 25, 2020, Appellant filed a motion for his transfer hearing to be heard in person. On July 13, 2020, the juvenile court denied the motion and ruled that the hearing would be held by Zoom to prevent the spread of COVID-19. The juvenile court further ruled that adequate measures were in place to assure a fair hearing and the reliability of testimony.

On August 14, 2020, Appellant filed a petition for a writ of certiorari and supersedeas pursuant to Tennessee Code Annotated section 27-8-101[1] with the Shelby County Circuit Court ("the trial court"). In his petition, Appellant asked that the trial court find that the juvenile court abused its discretion

> in not conducting an individualized, case-by-case analysis as to the necessity of a teleconference hearing in furtherance of a State interest to the detriment of [Appellant's] constitutional rights, violating [Appellant's] right to confrontation under the Sixth Amendment to the Constitution of the United States and to due process of law guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States. And, also violates his right under the Tennessee Constitution to due process of law granted by Art. 1, § 8, and the right to meet the witnesses face to face guaranteed by Art. 1, § 9.

---

[1] Section 27-8-101 states:

The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Appellant therefore requested that the juvenile court's order be reversed and it be ordered to conduct the transfer hearing in person. Alternatively, Appellant asked that the juvenile court's order be stayed. The State responded in opposition on September 8, 2020. Appellant amended his petition on the same day, as well as filed a memorandum in support of his position.

An in-person hearing on Appellant's petition was held on September 14, 2020. The same day, the trial court entered an order denying Appellant's petition. Consequently, the trial court ordered that the matter should be remanded to the juvenile court for Appellant's transfer hearing to be conducted in accordance with the juvenile court's July 13, 2020 order.

Exactly one month later, Appellant filed a motion for additional findings of fact and to amend the judgment. Attached to this motion were orders from the Shelby County Health Department about mitigation strategies to slow the spread of the virus and an affidavit from a lawyer that opined that hearings could be conducted safely and lawfully. The State responded in opposition to Appellant's motion on October 20, 2020. On October 27, 2020, the trial court entered an order staying the transfer hearing pending resolution of the motion to amend. On November 3, 2020, the trial court denied Appellant's motion to amend. The trial court therefore remanded the matter in order for juvenile court to conduct the transfer hearing as previously ordered. Appellant filed a notice of appeal to this Court on November 25, 2020.

On December 3, 2020, Appellant filed a motion asking the trial court to stay the transfer hearing pending appeal. The trial court granted Appellant's motion by order of December 11, 2020; thus, the transfer hearing was "stayed pending entry of final Decision and Order disposing of Appellant's direct appeal[.]"

Briefing was completed on September 16, 2021. Oral argument was held via videoconference on October 27, 2021. On March 14, 2022, this Court requested a status update from the parties concerning whether the juvenile court was now holding in person hearings. The parties responded that no hearings were currently being held. On April 28, 2022, however, the parties filed a second status update stating that in-person hearings were set to resume on May 17, 2022. As a result, we requested that both parties file supplemental briefs as to the effect, if any, of this change in circumstances on the dispute in this case. Appellant filed his response on May 17, 2022. The State filed its response on May 25, 2022.

## II. ANALYSIS

The dispositive question in this appeal concerns whether Appellant's appeal is moot. As the Tennessee Supreme Court explained:

Tennessee courts follow self-imposed rules of judicial restraint so that they stay within their province "to decide, not advise, and to settle rights, not to give abstract opinions." ***Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Co.***, 301 S.W.3d 196, 203 (Tenn. 2009) (internal quotation marks omitted). The mootness doctrine is one such rule: a "case must remain justiciable (remain a legal controversy) from the time it is filed until the moment of final appellate disposition." ***Id.*** at 203–04. A moot case or issue is one that has lost its justiciability for some reason occurring after commencement of the case. ***Id.*** at 204. A case, or an issue in a case, becomes moot when the parties no longer have a continuing, real, live, and substantial interest in the outcome. ***Id.*** at 210.

***Hooker v. Haslam***, 437 S.W.3d 409, 417 (Tenn. 2014). Thus, "[t]he central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief." ***McIntyre v. Traughber***, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). When a case is rendered moot while an appeal is pending, it "should [be] dismiss[ed]", unless an exception is present. ***Hooker***, 437 S.W.3d at 433 (quoting ***Norma Faye Pyles Lynch Family Purpose LLC***, 301 S.W.3d at 210). Whether a case has been rendered moot is a question of law that may be raised sua sponte by this Court. *See id.* at 433, Order Denying Petition to Rehear ("Even though neither of the parties raised the question of mootness, the Court was obligated independently to raise the question sua sponte since mootness goes to the Court's jurisdiction.").

Appellant appears to concede that the resumption of in-person proceedings in the juvenile court has removed this case's "character as a live controversy." ***Union Realty Co. v. Fam. Dollar Stores of Tennessee, Inc.***, 255 S.W.3d 586, 590 (Tenn. Ct. App. 2007). Indeed, it is undisputed that the very relief that Appellant sought in this appeal—an in-person transfer hearing—will now be provided to Appellant regardless of whether we agree with his arguments on appeal. Appellant argues, however, that this Court should nevertheless consider the arguments he raises on appeal because this case fits within a recognized exception to the mootness doctrine—the public interest exception.[2]

The Tennessee Supreme Court has held that we "may exercise [our] discretion to address even a moot issue in exceptional circumstances and if the issue is one of great importance to the public." ***Hooker***, 437 S.W.3d at 418 (citing ***Norma Faye Pyles Lynch Family Purpose LLC***, 301 S.W.3d at 210). As the court explained,

Exercise of that discretion is guided, as a threshold matter, by the following considerations:

---

[2] Appellant does not argue that any other exception is present in this case. As such, we will not tax the length of this Opinion with consideration of the other recognized exceptions to the mootness doctrine.

(1) the public interest exception should be invoked only with regard to issues of great importance to the public and the administration of justice;

(2) the public interest exception should not be invoked in cases affecting only private rights and claims personal to the parties;

(3) the public interest exception should not be invoked if the issue is unlikely to arise in the future; and

(4) the public interest exception should not be invoked if the record is inadequate or if the issue has not been effectively addressed in the earlier proceedings.

*Id.* at 418 (quoting *Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 210) (internal quotation marks omitted). Only if "these threshold considerations do not exclude invocation of the public interest exception," do we "balance the interests of the parties, the public, and the courts to determine whether the issue, albeit moot, should not be dismissed." *Id.* Factors that may be considered include, but are not limited to the following:

(1) the assistance that a decision on the merits will provide to public officials in the exercise of their duties;

(2) the likelihood that the issue will recur under similar conditions regardless of whether the same parties are involved;

(3) the degree of urgency in resolving the issue;

(4) the costs and difficulties in litigating the issue again; and

(5) whether the issue is one of law, a mixed question of law and fact, or heavily fact-dependent.

*Id.* at 418 (quoting *Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 211).

The State argues that at least three of the threshold considerations militate in favor of dismissal. Appellant disagrees, first arguing that this matter involves great public importance because it implicates Appellant's constitutional rights and due process of law. The State disagrees, given that juvenile transfer hearings are typically conducted in-person absent the global pandemic. We agree with the State as to this consideration.

Here, while Appellant's constitutional due process and confrontational rights are implicated by his arguments in this case, the cessation of virtual proceedings in juvenile court ensures that he will receive all of the due process and confrontation rights to which he contends he is entitled. Certainly, the rights to which criminal defendants are entitled are not particular to Appellant alone. But the question is whether an advisory opinion on those rights would involve questions of great importance to the public. *Hooker*, 437 S.W.3d at 418. In a similar situation, the Tennessee Supreme Court held that even though "the question of how judges are selected in Tennessee is one of immense public

importance," an advisory opinion on a "now-lapsed judicial nominating commission process" would not serve the public interest. *Id.*

The same is true here, particularly when we have been cautioned against "dealing with constitutional questions abstractly or issuing advisory opinions." ***Eyring v. E. Tennessee Baptist Hosp.***, 950 S.W.2d 354, 359 (Tenn. Ct. App. 1997) (citing ***State v. King***, 635 S.W.2d 113, 114 (Tenn. 1982)); *see also* ***State v. Thompson***, 151 S.W.3d 434, 442 (Tenn. 2004) (quoting ***Owens v. State***, 908 S.W.2d 923, 926 (Tenn. 1995)) ("[C]ourts do not decide constitutional questions unless resolution is absolutely necessary for determination of the case and the rights of the parties. . . . If issues in a case can be resolved on non-constitutional grounds, courts should avoid deciding constitutional issues"). Thus, in recognizing the obvious mootness of this appeal, we maintain Tennessee's policy against deciding only hypothetical constitutional issues.

The parties also dispute whether this issue is likely to recur in the future. Tennessee courts have recognized that the public interest exception "should not be invoked 'if the issue is unlikely to arise in the future.'" ***Allen v. Lee***, No. M2020-00918-COA-R3-CV, 2021 WL 2948775, at *3 (Tenn. Ct. App. July 14, 2021), *perm. app. denied* (Tenn. Nov. 19, 2021) (quoting ***Norma Faye Pyles Lynch Family Purpose LLC***, 301 S.W.3d at 210). Here, the catalyst for the juvenile court's order limiting in-person transfer hearings was an "unprecedented" global pandemic. ***Fisher v. Hargett***, 604 S.W.3d 381, 386 (Tenn. 2020). But the restrictions on in-person proceedings have now eased all throughout Tennessee. As this Court recently noted, "[a]lthough Tennesseans' daily lives have changed in many ways since the onset of the COVID-19 pandemic, life in general has slowly been shifting back to a more 'normal' state over the past several months. Businesses have been re-opening, and vaccinations are now widely available." ***Allen***, 2021 WL 2948775, at *3. As a result, we held that "[t]here is no reasonable expectation in our view that the Governor will again close [businesses] such that the Plaintiffs will be subjected to the complained-of requirements in the future." *Id.* The ***Allen*** panel's remarks on the closure of businesses is equally applicable to the limitation on in-person judicial proceedings. Thus, despite Appellant's resort to the possibility of new variants or a resurgence of COVID-19, we simply cannot conclude that "there is a [] *probability* that conduct similar to that which gave rise to the dispute in this case will recur." ***Norma Faye Pyles Lynch Family Purpose LLC***, 301 S.W.3d at 212 (emphasis added).

Finally, the parties disagree as to whether the record is adequate in this case. Appellant points to the fact that this case has been fully briefed and argued. But the State points out that one of the arguments made by Appellant in this appeal is that the juvenile court "erred in failing to make the 'case-specific and witness-specific determination of whether the denial of [Appellant's] right to confront witnesses is necessary to further an important public interest.'" Thus, Appellant's own argument on appeal is that the issue was not "effectively addressed in the earlier proceedings." ***Hooker***, 437 S.W.3d at 418 (citing ***Norma Faye Pyles Lynch Family Purpose LLC***, 301 S.W.3d at 210).

- 6 -

Thus, this case involves at least three threshold considerations in which the Tennessee Supreme Court has held that "the public interest exception should not be invoked[.]" ***Hooker***, 437 S.W.3d at 418 (citing ***Norma Faye Pyles Lynch Family Purpose LLC***, 301 S.W.3d at 210). Under these circumstances, we cannot conclude that review should continue despite the obvious mootness of Appellant's request for relief. And because multiple applicable considerations exclude invocation of the public interest exception, we need not consider any of the other factors that might guide our discretion on this issue. ***Id.*** We therefore dismiss this appeal. All other issues raised on appeal are pretermitted by this decision.

## III. CONCLUSION

Based on the foregoing, this appeal is dismissed as moot. Costs of this appeal are taxed one-half to Appellant Cedarius M., and one-half to Appellee the State of Tennessee, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE